## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HAROLD POLAK | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.:   **25-2610** |
| | ) | |
| CITY OF HAYS, KANSAS | ) | |
| SERVE: City Clerk of Hays, Kansas | ) | |
| 1507 Main Street | ) | |
| Hays, KS 67601 | ) | |
| and | ) | |
| HAYS POLICE DEPARTMENT | ) | |
| SERVE: Hays Police Department | ) | |
| 105 W 12th Street | ) | |
| Hays, KS 67601 | ) | |
| and | ) | |
| POLICE CHIEF DON SCHEIBLER | ) | |
| (individual and in his official capacity) | ) | |
| SERVE: Hays Police Department | ) | |
| 105 W 12th Street | ) | |
| Hays, KS 67601 | ) | |
| and | ) | |
| OFFICER DAKOTA REESE, Shield #531 | ) | |
| (individual and in his official capacity) | ) | |
| SERVE: Hays Police Department | ) | |
| 105 W 12th Street | ) | |
| Hays, KS 67601 | ) | |
| and | ) | |
| OFFICER JOSEPH LANTZ, Shield #535 | ) | |
| (individual and in his official capacity) | ) | |
| SERVE: Hays Police Department | ) | |
| 105 W 12th Street | ) | |
| Hays, KS 67601 | ) | |
| and | ) | |
| OFFICER PATRICK KELLY, Shield #532 | ) | |
| (individual and in his official capacity) | ) | |
| SERVE: Hays Police Department | ) | |
| 105 W 12th Street | ) | |
| Hays, KS 67601 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL
## AND DESIGNATION OF PLACE OF TRIAL

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 1 of 21

COMES NOW, Plaintiff Harold Polak ("Polak" or "Plaintiff") and, by and through undersigned counsel, files the following Complaint against Defendant City of Hays, Kansas ("City"), Hays Police Department, Police Chief Don Scheibler ("Chief"), Officer Dakota Reese, Officer Joseph Lantz, and Officer Patrick Kelly ("Officers") (collectively "Defendants").

## I.    PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief to redress the deprivation of Plaintiff Polak's constitutional rights, which occurred when Defendant Police Officers Reese, Lantz, and Kelly, acting under color of law, unlawfully stopped, seized, searched, falsely arrested, used excessive force upon, demonstrated deliberate indifference to his medical needs, and maliciously prosecuted Plaintiff Polak without reasonable suspicion or probable cause.

2.      These constitutional violations were carried out pursuant to the policies, practices, and customs of Defendant City of Hays, Kansas, Defendant Hays Police Department and Defendant Police Chief Don Scheibler, demonstrating deliberate indifference to the Fourth and Fifth Amendment rights of citizens.

3.      The underlying criminal charges, Driving Under the Influence ("DUI") and Interference with Law Enforcement, were conclusively terminated in Plaintiff Polak's favor when they were dismissed with prejudice on April 23, 2025, after objective scientific evidence disproved the officers' stated basis for the arrest.

## II.    JURISDICTION AND VENUE

4.      This is a civil action authorized by 42 U.S.C. § 1983 for the deprivation of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 (Federal Question) and 1343(a)(3) (Civil Rights).

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 2 of 21

6.      The Court has supplemental jurisdiction over Plaintiff Polak's state-law tort claims (False Arrest/Imprisonment, Assault and Battery, and Malicious Prosecution) pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b), as all material events complained of occurred within the City of Hays, Kansas, which is within this District.

8.      Plaintiff Polak filed a Notice of Claim with the City of Hays, Kansas, on October 15, 2025, pursuant to K.S.A. § 12-105b.

### III.    PARTIES AND STATEMENT OF FACTS

9.      Plaintiff Polak Harold Polak was born in 1954 and was 69 years of age at the time of the incident on October 23, 2023.

10.     Defendant City of Hays, Kansas, is a municipal corporation that operates the Hays Police Department.

11.     Defendant Don Scheibler is the Chief of Police and a policymaker for the Hays Police Department, sued individually and in his official capacity.

12.     Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly were all duly sworn Hays Police Officers acting under color of law at all relevant times, and are sued individually and in their official capacities.

### A.    The Documents

13.     A true and accurate copy of Plaintiff Polak's tort claim is attached hereto as **Exhibit "1"**.

14.     A true and accurate copy of the Uniform Notice to Appear and Complaint form is attached hereto as **Exhibit "2"**.

15.     A true and accurate copy of the Order of Dismissal with prejudice is attached hereto as **Exhibit "3"**.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 3 of 21

16.     A true and accurate copy of the drug test from Central Plains Laboratory d/b/a Quest Diagnostics is attached hereto as **Exhibit "4"**.

17.     A true and accurate copy of the Kansas Bureau of Investigation Forensic Laboratory Report is attached hereto as **Exhibit "5"**.

18.     A true and accurate copy of Hays Police Department Policy 422 is attached hereto as **Exhibit "6"**.

19.     A true and accurate copy of the Case Report Detail of Defendant Officer Reese is attached hereto as **Exhibit "7"**.

20.     A true and accurate copy of the Case Report Detail of Defendant Officer Joseph Lantz is attached hereto as **Exhibit "8"**.

21.     A true and accurate copy of the Case Report Detail of Defendant Officer Patrick Kelly is attached hereto as **Exhibit "9"**.

22.     A true and accurate copy of Hays Police Department Alcohol/Drug Influence Report is attached hereto as **Exhibit "10"**.

23.     A true and accurate copy of Field Sobriety Tests form is attached hereto as **Exhibit "11"**.

24.     A true and accurate copy of the Personal Interview form is attached hereto as **Exhibit "12"**.

25.     A true and accurate copy of the Testing Notice – Blood or Urine form is attached hereto as **Exhibit "13"**.

26.     A true and accurate copy of the Testing Notices – Breath or Other Bodily Substance (Not Bloor or Urine) form is attached hereto as **Exhibit "14"**.

27.     A true and accurate copy of the Consent to Search form  is attached hereto as **Exhibit "15"**.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 4 of 21

28.     A true and accurate copy of Defendant Hays Police Department Combined Narrative/Consent to Search/Vehicle Inventory form is attached hereto as **Exhibit "16"**.

29.     A true and accurate copy of the Order Granting Motion to Suppress in State of *Kansas v. Juan Romano* is attached hereto as **Exhibit "17"**.

30.     A true and accurate copy of the Order Denying the State's Motion for Reconsideration in *Kansas v. Juan Romano* is attached hereto as **Exhibit "18"**.

**B.     The Unlawful Stop and Seizure**

31.     On October 23, 2023, at approximately 02:12 hours, Plaintiff Polak was driving a Toyota pickup pulling a camper in Hays, Kansas.

32.     Defendant Officer Reese initiated a traffic stop of Plaintiff Polak's vehicle.

33.     Defendant Officer Reese later admitted in his report that the sole reason for the stop was that Plaintiff Polak turned into a closed Dollar General parking lot.

34.     Defendant Officer Reese stated he held a subjective suspicion that Plaintiff Polak was "trying to avoid being seen" by the patrol car.

35.     The Uniform Notice to Appear and Complaint form did not indicate any traffic violation, such as speeding, an improper turn, or any specific traffic infraction.

36.     The official reason listed for the stop was "Unusual Contact - Suspicious Vehicle."

37.     The stop was initiated without reasonable, articulable suspicion of any traffic violation.

38.     The stop was initiated without reasonable, articulable suspicion of any criminal activity.

39.     This lack of reasonable suspicion rendered the entire stop, and all evidence and detention that followed, illegal in violation of the Fourth Amendment.

**C.     The False Arrest and Excessive Force**

40.     Upon contact, Defendant Officer Reese noted that Plaintiff Polak was upset and told the officer he "didn't like law enforcement."

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 5 of 21

41.    At no point did Plaintiff Polak physically threaten or harm the officer.

42.    Defendant Officer Reese claimed in his report that he observed Plaintiff Polak's eyes were "constricted," his body was thrashing, and he appeared "very alert".

43.    These subjective observations led Defendant Officer Reese to suspect Plaintiff Polak had taken a stimulant and was impaired.

44.    Defendant Officer Reese claimed in his report that Plaintiff Polak initially refused to provide his license then "frantically" handed it over.

45.    Plaintiff Polak attempted to comply with Defendant Officer Reese's request for his license but was momentarily uncertain if his license was in his pocket or the center console.

46.    Plaintiff Polak's has a pre-existing condition that causes him pain and likely will require back surgery, and any slow, deliberate movements of Plaintiff Polak were in response to physical discomfort, not resistance or obstruction.

47.    Defendant Officer Reese forcibly pulled Plaintiff Polak out of his vehicle.

48.    While being physically restrained outside the vehicle, Plaintiff Polak advised the officers that he had a knife in his pocket.

49.    Defendant Officer Reese pushed Plaintiff Polak against the truck to prevent him from reaching his pockets.

50.    Defendant Officer Lantz and Defendant Officer Kelly arrived on the scene at approx. 02:17 a.m. to assist.

51.    During the subsequent physical restraint and attempted handcuffing, Plaintiff Polak, an elderly man, pulled his arm away and tried to turn around.

52.    Despite the situation, Plaintiff Polak repeatedly pleaded with officers, specifically Defendant Officer Reese, to be allowed to retrieve and secure his dog, saying, "Let me get my dog".

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 6 of 21

53.    None of the officers acknowledged Plaintiff Polak's plea to get his dog or offered to assist.

54.    Plaintiff Polak attempted to point out the campground sticker on his windshield — which would have shown where he was the previous night and countered the DUI suspicion — Defendant Officer Reese stated, "I don't have to".

55.    Upon arrest, officers placed the handcuffs behind Plaintiff Polak's back.

56.    The handcuffs were excessively tight, causing immediate and intense pain.

57.    Plaintiff Polak repeatedly requested Defendant Officer Reese to loosen the handcuffs.

58.    Plaintiff Polak stated "can you loosen these cuffs, please? They're cutting into me."

59.    Defendant Officer Reese ignored Plaintiff Polak's requests to loosen the handcuffs.

60.    Defendant Officer Reese later claimed that "I didn't hear you ask" about loosening the handcuffs, demonstrating a willful indifference to Plaintiff Polak's ongoing physical distress.

61.    Defendant Officer Lantz then drew his department-issued Taser.

62.    Defendant Officer Lantz pressed the Taser against Plaintiff Polak's "lower to mid back," and explicitly threatened: "I told Polak that he would get tased if he did not comply."

63.    The use of a Taser, pressed against the body with an explicit threat of deployment, upon a 69-year-old man for resistance to an allegedly unlawful arrest, constituted objectively unreasonable and excessive force.

64.    This constituted a violation of the Fourth Amendment.

65.    Plaintiff Polak was formally arrested at 02:18 a.m. for DUI and Interference with Law Enforcement.

66.    The Defendant officers were aware that Plaintiff Polak was being detained, yet they made no effort to ensure he had access to his prescribed daily medications for bladder problems,

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 7 of 21

prostate issues, depression, and thyroid problems, all of which were secured in his pickup truck after it was towed.

67.    After being placed in the patrol car, Plaintiff Polak stated that if the tests proved he was not impaired, he would sue.

68.    Defendant Officer Reese told Plaintiff Polak that if the tests were negative that he "won't get charge with anything".

69.    Defendant Officer Reese stating that Plaintiff Polak "won't get charged with anything" if the tests were negative effectively admitted that the charges were provisional and lacked sufficient probable cause at the time of arrest

70.    Denying Plaintiff Polak access to necessary medication constitutes deliberate indifference to his serious medical needs.

71.    During this period of detention and prior to being taken to the hospital, there were several instances where Plaintiff Polak was unable to speak, which is a known symptom of distress.

72.    Upon his initial transfer to a cell, Plaintiff Polak's handcuffs were exchanged for jailers' cuffs.

73.    Upon his initial transfer to a cell, Plaintiff Polak was detained in a cell that lacked a toilet.

74.    While in a cell, Plaintiff Polak was provided a Styrofoam cup with water.

75.    During the transfer or in the cell, he was subjected to further assault by additional Hays Police Officers.

76.    Plaintiff Polak has attempted to obtain video footage of the cell area but was unable to do so, indicating potential destruction or failure to preserve evidence of this continued assault.

77.    The police made Plaintiff Polak wear large, ill-fitting shoes while being transported to the hospital.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 8 of 21

78.    The large, ill-fitting shoes caused Plaintiff Polak further difficulty walking and physical instability, constituting unreasonable and degrading conduct.

79.    Plaintiff Polak requested an attorney multiple times after he had been detained.

80.    The officers did not give Plaintiff Polak his *Miranda* rights.

81.    Once, Plaintiff Polak asserted his right to counsel, all discussions should have stopped until an attorney was present.

82.    The officers, however, did not stop talking with Plaintiff Polak.

83.    The officers' failure to cease all discussion after the assertion of the right to counsel constitutes a Fifth Amendment violation of Polak's constitutional right to an attorney.

84.    This further supports Polak's position that the officers disregarded Polak's fundamental constitutional protections throughout the entire arrest process.

**D.    Favorable Termination of Criminal Proceedings**

85.    Subsequent medical testing, conducted at the officers' direction, objectively refuted the entire basis for the arrest.

86.    The blood sample for the Alcohol Level test, collected at 03:55 a.m., showed a result of ≤0.01 g% (or ≤ 10mg/dL).

87.    Plaintiff Polak's alcohol level was below the legal limit of 0.08g%.

88.    The Urine Toxicology Screen for multiple drugs (including Amphetamine/Meth, Cocaine, and Opiates) returned as NEGATIVE for all drugs screened.

89.    The Kansas Bureau of Investigation Forensic Laboratory Report for multiple drugs (including Barbiturates, Cannabinoids, and Additional Compounds) returned as "Not detected" and "None detected" for all drugs screened

90.    These results scientifically disproved Defendant Officer Reese's suspicion that Plaintiff Polak was impaired by a stimulant.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 9 of 21

91.     The two unlabeled pill bottles seized by the officer during the vehicle search were later determined by Defendant Officer Reese to be over-the-counter medication.

92.     Prior to the final dismissal, Plaintiff Polak was offered a conditional plea deal by the City Prosecutor, wherein the charge of Interference with a Law Enforcement Officer would be dismissed in exchange for the payment of a $200.00 fine and court costs.

93.     Plaintiff Polak refused the conditional plea to pay a fine and court costs, maintaining his innocence.

94.     Plaintiff Polak refused the conditional plea to pay a fine and court costs, asserting the lack of probable cause for the charge.

95.     The Municipal Court of Hays, Kansas, issued an Order of Dismissal with prejudice on April 23, 2025.

96.     The Order of Dismissal submitted and approved by the City Prosecutor.

97.     This dismissal covered the charges of Driving Under the Influence and Interference with Law Enforcement.

98.     This dismissal constitutes a termination of the proceedings in Plaintiff Polak's favor.

**E.     Municipal Liability and Pattern of Unconstitutional Conduct**

99.     Defendant City of Hays, through its policymaker Defendant Chief Scheibler, maintained a custom, policy, or practice of failing to adequately train, supervise, and discipline its officers.

100.    This failure relates to the constitutional requirements of reasonable suspicion for stops, probable cause for arrests, and the reasonable use of force.

101.    This failure demonstrates deliberate indifference to citizens' Fourth Amendment rights.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 10 of 21

102.    This deliberate indifference is evidenced by, but not limited to, the failure to train officers that pulling into a parking lot to turn around is not reasonable suspicion for an investigatory stop.

103.    This deliberate indifference is evidenced by, but not limited to, the City's failure to prevent a pattern of unlawful stops and seizures.

104.    This deliberate indifference is evidenced by, but not limited to, the City's failure to train and supervise officers on discontinuing discussions with a detainee after requesting an attorney.

105.    This pattern is evidenced in the Ellis County District Court case *State of Kansas v. Juan Rosano*, Case No. EL-2023-CR-000132, where the court granted a motion to suppress, finding a "lack of probable cause to arrest".

106.    This deliberate indifference is evidenced by, but not limited to, the City's failure to train and supervise officers on mandatory MVR activation.

107.    Hays Police Department Policy 422.4.1 required MVR activation for all traffic stops, suspicious vehicles, and arrests.

108.    Upon information and belief, the MVR was not activated until after the initial stop, or was otherwise incomplete, in violation of department policy.

109.    The City and Chief Scheibler's policies and customs were the moving force behind the unconstitutional conduct described herein.

## IV.    CLAIMS FOR RELIEF (42 U.S.C. § 1983)

### COUNT I: UNLAWFUL STOP / UNREASONABLE SEIZURE
(Fourth Amendment)

110.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

111.    This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 11 of 21

112.    The initial stop and detention of Plaintiff Polak by Defendant Officer Reese was not supported by reasonable suspicion that Plaintiff Polak was committing a crime.

113.    This lack of reasonable suspicion constituted an unreasonable seizure of Plaintiff Polak's person.

114.    This violated the Fourth Amendment to the United States Constitution.

115.    This violation is actionable against state actors via the Fourteenth Amendment.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all injuries, including economic losses, emotional distress, and humiliation; Punitive Damages due to their willful and reckless indifference to Plaintiff Polak's constitutional rights and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT II: FALSE ARREST / UNLAWFUL DETENTION
### (Fourth Amendment)

116.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

117.    This Count is brought against Defendants Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

118.    The individual Defendants lacked probable cause to arrest Plaintiff Polak for DUI or Interference with Law Enforcement.

119.    The initial stop of Plaintiff Polak was unlawful, rendering any subsequent arrest without probable cause.

120.    Subsequent medical test results conclusively disproved the officers' stated factual basis for impairment.

121.    The arrest and subsequent detention constituted an unreasonable seizure of Plaintiff Polak's person.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 12 of 21

122.     This violated the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all injuries, including economic losses, emotional distress, and humiliation; Punitive Damages due to their willful and reckless indifference to Plaintiff Polak's constitutional rights and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT III: EXCESSIVE FORCE
### (Fourth Amendment)

123.     Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

124.     This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

125.     Defendants Lantz, Reese, and Kelly used objectively unreasonable and unnecessary force against Plaintiff Polak.

126.     This force included forcibly pulling Plaintiff Polak out of his truck.

127.     This force included pushing him against his truck.

128.     This force included restraining his arms.

129.     This force included placing excessively tight handcuffs on Plaintiff Polak and refusing his repeated requests to loosen them.

130.     This force also includes the refusal by Defendant Officer Reese to loosen the excessively tight handcuffs despite Plaintiff Polak's pleas of acute pain and physical distress

131.     This force included Defendant Officer Lantz drawing and pressing a Taser against Plaintiff Polak's body.

132.     Defendant Officer Lantz explicitly threatened to deploy the Taser.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 13 of 21

133.    This force included the alleged subsequent assault by Hays Police Officers during his transfer to the initial cell.

134.    These actions constituted excessive force to effect an arrest.

135.    This violated the Fourth Amendment and the Fourteenth Amendment.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all injuries, including economic losses, emotional distress, humiliation, and physical pain; Punitive Damages due to their willful and reckless indifference to Plaintiff Polak's constitutional rights and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT IV: DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
### (Fourteenth Amendment)

136.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

137.    This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

138.    Plaintiff Polak had serious medical needs, including conditions requiring daily medications.

139.    The Defendants made no effort to ensure that Plaintiff Polak had access to his prescribed daily medications that were secured in his truck.

140.    Plaintiff Polak was exhibiting symptoms of severe distress, including, at times, an inability to speak.

141.    The individual Defendants were aware of these serious medical needs and/or the visible signs of distress.

142.    The Defendants acted with deliberate indifference by denying Plaintiff Polak access to his necessary medications.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 14 of 21

143.     The Defendants acted with deliberate indifference by ignoring his physical distress, including his complaints of excessively tight handcuffs.

144.     The Defendants subjected Plaintiff Polak to unreasonable and degrading conduct by making him wear ill-fitting shoes during transport to the hospital.

145.     The ill-fitting shoes compromised Plaintiff Polak's physical stability.

146.      These actions constitute a violation of Plaintiff Polak's rights under the Fourteenth Amendment.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all injuries, including emotional distress, humiliation, and physical and mental health decline resulting from the denial of medical care; Punitive Damages due to their willful and reckless indifference to Plaintiff Polak's constitutional rights and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT V: MALICIOUS PROSECUTION
### (Fourth Amendment)

147.     Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

148.     This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

149.     The Defendants initiated and/or prolonged the prosecution of Plaintiff Polak for DUI and Interference with Law Enforcement.

150.     This prosecution was done without probable cause and with malice.

151.     This prosecution resulted in a continued, post-arrest seizure of his person.

152.     This violated the Fourth Amendment and the Fourteenth Amendment.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 15 of 21

153.     Plaintiff Polak explicit refusal to accept a conditional plea deal involving the payment of fines and costs.

154.     The criminal proceedings against Plaintiff Polak were terminated in his favor with a dismissal with prejudice on April 23, 2025.

155.     The dismissal with prejudice further cemented the unconditional favorable termination.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages, including all fees paid to defend the criminal charges, emotional distress, and reputational harm; Punitive Damages due to their malicious, willful, and wanton conduct in pursuing charges lacking probable cause and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT VI: VIOLATION OF RIGHT TO COUNSEL
### (Fifth Amendment)

156.     Plaintiff incorporates by reference the preceding and forgoing paragraphs.

157.     This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

158.     After his arrest, and while in police custody, Plaintiff Polak made an unequivocal request for legal counsel.

159.     After his arrest, and while in police custody, Plaintiff Polak stated "I want an attorney".

160.     After his arrest, and while in police custody, Plaintiff Polak stated "I want all I want all of your body cams".

161.     Upon information and belief, the individual Defendants failed to immediately cease all custodial interrogation.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 16 of 21

162.     The Defendants continued to question Plaintiff Polak after he invoked his right to counsel.

163.     This continued interrogation, despite Plaintiff Polak's invocation of his rights, violated his Fifth Amendment right to counsel and privilege against self-incrimination, made applicable to the states by the Fourteenth Amendment.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all injuries, including emotional distress, humiliation, and any resulting prejudice in the underlying criminal proceedings; Punitive Damages due to their willful and reckless indifference to Plaintiff's constitutional rights and/or actual fraud or actual malice; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## COUNT VII: MUNICIPAL LIABILITY (*Monell* Claim)
### (42 U.S.C. § 1983)

164.     Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

165.     This Count is brought against Defendant City of Hays, Kansas, Defendant Hays Police Department and Defendant Police Chief Don Scheibler in his official capacity.

166.     The constitutional violations against Plaintiff Polak resulted from the execution of the City's official custom, policy, or practice.

167.     Alternatively, the violations resulted from the City's failure to train and supervise its officers.

168.     This failure to train and supervise amounts to deliberate indifference to Plaintiff Polak's rights.

169.     This deliberate indifference is specifically demonstrated by the City's failure to remedy the known pattern of unlawful stops and arrests (as reflected in the *Rosano* case).

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 17 of 21

170.    This deliberate indifference is evidenced by, but not limited to, the City's failure to train and supervise officers on discontinuing discussions with a detainee after requesting an attorney.

171.    This deliberate indifference is further demonstrated by the City's failure to enforce its own policies regarding the proper activation of MVR systems in stops.

172.    The failure to timely activate or to deactivate the MVR harmed Plaintiff Polak because it denied him the ability to use video evidence to refute the officers' subjective claims about his behavior and resistance.

173.    The City and Chief Scheibler's policies and customs were the moving force behind the unconstitutional conduct described above.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant City of Hays, Defendant Hays Police Department and Chief Scheibler (in his official capacity) for: Compensatory Damages for all injuries sustained as a result of the constitutional violations; Declaratory Relief that the policies, customs, and practices of the City of Hays Police Department violated the Fourth Amendment; Injunctive Relief, ordering the City to reform its training, supervision, and MVR policies; and Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

## V.    STATE LAW TORT CLAIMS

Plaintiff Polak's state law claims are premature. Plaintiff Polak filed his Notice of Tort Claims with the City Clerk on October 15, 2025. The City has 120 days to consider his claims. Plaintiff Polak intends to ask the Court for a stay after filing and serving his Complaint.

## COUNT VIII: MALICIOUS PROSECUTION

174.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

175.    This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 18 of 21

176.    The Defendants initiated and continued the prosecution against Plaintiff Polak for DUI and Interference.

177.    This prosecution was done without probable cause and with malice.

178.    The prosecution terminated in Plaintiff Polak's favor with a dismissal with prejudice.

179.    These acts constitute the tort of Malicious Prosecution under Kansas law.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all losses, including economic loss, emotional distress, and injury to reputation; and Punitive Damages due to their willful, wanton, and malicious conduct and/or actual fraud or actual malice.

## COUNT IX: FALSE IMPRISONMENT AND FALSE ARREST

180.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

181.    This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

182.    The arrest and detention of Plaintiff Polak by the individual Defendants were accomplished without a warrant.

183.    The arrest and detention were accomplished without reasonable suspicion or probable cause.

184.    These acts subjected Plaintiff Polak to the torts of False Imprisonment and False Arrest under Kansas law.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all losses, including loss of liberty and emotional distress; Punitive Damages due to their willful, wanton, and malicious conduct and/or actual fraud or actual malice.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 19 of 21

## COUNT X: ASSAULT AND BATTERY

185.    Plaintiff Polak incorporates by reference the preceding and forgoing paragraphs.

186.    This Count is brought against Defendant Officer Dakota Reese, Defendant Officer Joseph Lantz, and Defendant Officer Patrick Kelly in their individual capacities.

187.    The intentional, non-consensual contact by Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly constituted an assault and battery under Kansas law.

188.    This contact included forcibly pulling Plaintiff Polak from his vehicle.

189.    This contact included physically shoving Plaintiff Polak against his truck.

190.    This contact included drawing and pressing a Taser against Plaintiff Polak's back with an explicit threat of harm.

191.    This contact included placing excessively tight handcuffs on Plaintiff Polak.

192.     This contact included assaulting Plaintiff Polak during the transfer to the initial cell.

WHEREFORE, Plaintiff Polak prays for judgment against Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly, jointly and severally, for: Compensatory Damages for all losses, including physical pain and emotional distress; and Punitive Damages due to their willful, wanton, and malicious conduct and/or actual fraud or actual malice.

## VI.    RELIEF REQUESTED

Plaintiff Polak HAROLD POLAK demands judgment against Defendants as follows:

A.    For Compensatory Damages against all Defendants, jointly and severally, including:

1.    $152.00 for vehicle retrieval/tow fees.

2.    $3,060.00 for attorney's fees incurred to defend the criminal charges.

3.    Damages for loss of liberty, emotional distress, humiliation, and other proven out-of-pocket losses, in an amount to be proven at trial.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 20 of 21

B.     For Punitive Damages against the individual Defendants (Defendant Officer Reese, Defendant Officer Lantz, and Defendant Officer Kelly) in their individual capacities, for their malicious, willful, wanton, and reckless indifference to Plaintiff Polak's constitutional and state law rights and/or actual fraud or actual malice, in an amount to be determined at trial.

C.     For Declaratory and Injunctive Relief against Defendant City of Hays and Chief Scheibler in his official capacity, ordering the development and implementation of adequate policies and training programs to ensure compliance with the Fourth Amendment.

D.     For Attorneys' Fees and Costs incurred in this civil action pursuant to 42 U.S.C. § 1988 and applicable Kansas law.

E.     For such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL.

Plaintiff Polak requests a jury trial on all claims asserted herein.

## DESIGNATION OF PLACE OF TRIAL.

Plaintiff Polak designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Aaron C. McKee
Aaron C. McKee       KS # 20889
MCKEE LAW, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com
**ATTORNEY FOR PLAINTIFF POLAK**

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*
Page 21 of 21

## VERIFICATION

State of _Nebraska_ )

County of _Harlan_ )


I, HAROLD POLAK, being first duly sworn, deposes and states:

1.      I am the Plaintiff in the above-entitled action.

2.      I have read the foregoing Complaint and Demand for Jury Trial and Designation of Place of Trial.

3.      I have personal knowledge of the facts stated in the Complaint, and the factual allegations asserted therein are true and correct to the best of my knowledge, information, and belief.

4.      I declare under penalty of perjury under the laws of the United States of America and the State of Kansas that the foregoing is true and correct.

5.      I understand that making a false statement in this affidavit could result in criminal charges for perjury.

Subscribed and sworn to before me this _20th_ day of _October_, 2025.

_Harold Polak_

_Cassandra K. Miller_
Notary Public

GENERAL NOTARY- State of Nebraska
CASSANDRA K. MILLER
My Comm. Exp. Oct. 5, 2026

My Commission Expires: _10/5/26_

Verification
Complaint and Demand for Jury Trial and Designation of Place of Trial
*Harold Polak v. City of Hays, Kansas, et al.*

Exhibit "1"

State of Kansas
Department of Administration
Division of Accounts & Reports
AR-98 (Rev.06-07)

| A & R USE ONLY |
|---|
| Claim No. _____ |

## PERSONAL INJURY OR PROPERTY DAMAGE OR LOSS CLAIM
## AGAINST THE STATE OF KANSAS

### INSTRUCTIONS

1.  Read the "Notice to Claimant" section prior to completing the form.
2.  Complete the requested information in the "Claimant Information" and "Claim Information" sections of the form.
3.  Have the claim statement notarized.
4.  Return the completed form to the agency that you are filing the claim against.

### NOTICE TO CLAIMANT

Personal injury or property damage or loss claims may be paid by a state agency if the claim amount does not exceed $1,000.00 (or $2,500.00 at the University of Kansas Medical Center and the Kansas Highway Patrol), the injury or damage did not occur as a result of negligence of the claimant, and either (1) the property damage or loss by a state officer or employee and was incurred while the claimant was acting within the scope of employment; or (2) the personal injury or property damage or loss was incurred by the claimant as a result of negligence on the part of the state or any agency, officer or employee thereof; or (3) the personal injury or property damage or loss was caused by an act of a homemaker employed by the Secretary of Social and Rehabilitation Services; or (4) the personal injury or property damage or loss occurred during law enforcement efforts by the Kansas Highway Patrol to persons who were not negligent during such efforts.

The acceptance by the claimant of any payment made pursuant to this claim shall be final and conclusive and shall constitute a complete release of any and all existing and future claims for personal injury or property damage or loss against the agency named, the State of Kansas and any individual, employee or agent thereof arising from the stated event. Said acceptance shall be binding on all heirs, successors, or assigns.

### CLAIMANT INFORMATION (Please Print or Type)

Name  **Harold Polak**

Address  71002 Old Hwy 183

Alma, Nebraska 68920

Tax ID No. (SSN or FEIN) ███████ 7767

Telephone Number  ( 308 )  920-2723

### CLAIM INFORMATION

1.  Enter the name of the agency you are filing the claim against and the total amount of the claim.

Agency Name  City of Hays, Kansas, Hays Police Department

Total Claim Amount _____

Pecuniary: $3,212
Non-Pecuniary: $500,000
Punitive: $1,000,000

(Continued on Reverse Side of Form)

Claim Information Continued

2.      Please briefly state the basis of your claim including the date, time, location and circumstances of the event.  Attach any documents which you feel may be pertinent to your claim, including an itemization of the amount for which you are claiming (indicate deductions for insurance reimbursements, depreciation, etc.). **Note: The claim statement must be notarized. Sign the claim statement in the presence of a notary public.**


See detailed statement attached.

On October 23, 2025, Harold Polak was unlawfully detained, searched, arrested and threatened by the Hays Police Department.

Polak brings claims for false arrest, assault and battery, false imprisonment, malicious prosecution and violations of his civil rights. Polak contends that certain claims have been tolled because he did not discover he had claims, and they did not ripen, until the case was dismissed with prejudice on or about March 31, 2025.


I do solemnly, sincerely, and truly declare and affirm that I have read the preceding claim and know the contents thereof and the same are true and correct; and this I do under the pains and penalties of perjury.

Claimant Signature _Harold Polak_

STATE OF _Nebraska_ )

COUNTY OF _Harlan_ )

Signed and sworn to (or affirmed) before me on (date) _10·14·25_ by

_Harold Polak_ .
(Name of Person Making Declaration)


_____ (Notary Public)

GENERAL NOTARY - State of Nebraska
BRITTANY M. NURNBERG
My Comm. Exp. November 18, 2027

(My Appointment Expires: _Nov 18, 2027_ )

**NOTICE OF CLAIM PURSUANT TO KANSAS STATUTES ANNOTATED § 12-105b(d)**

**TO:     Governing Body of the City of Hays, Kansas**
City Clerk of Hays, Kansas
1507 Main St.
Hays, Kansas 67601

**FROM:**

| | |
|---|---|
| **Agency:** | City of Hays, Kansas<br>Hays Police Department |
| **Claimant:** | HAROLD POLAK<br>71002 Old Hwy 183<br>Alma, Nebraska 68920<br>Phone: (308) 920-2723<br>SSN: ▮▮▮▮▮767<br>hpolak@atcjet.net |
| **Attorney for Claimant:** | Aaron C. McKee, KS #20889<br>McKee Law, L.L.C.<br>222 S. Cherry Street<br>Olathe, Kansas 66061<br>Phone: (913) 768-6400<br>Fax: (913) 768-6420<br>aaronmckee@ksmoemploymentlaw.com |

**1.     CONCISE STATEMENT OF FACTUAL BASIS OF CLAIM**

This claim arises from the unwarranted violation of Harold Polak's constitutional and civil rights by officers of the Hays Police Department on October 23, 2023. This action encompasses the unlawful stop of Mr. Polak's vehicle without reasonable suspicion, the unlawful seizure, unlawful search and false arrest of Mr. Polak on unsupported suspicion of Driving Under the Influence (DUI), the use of excessive force and battery during his removal from the vehicle and detention (including being forcibly pushed against his truck and having a Taser pressed against his back), the constitutional violations of his rights and the subsequent malicious prosecution of the resulting criminal charges. The charges were ultimately dismissed *with prejudice* on April 23, 2025, conclusively proving the lack of probable cause for the officers' actions. The official blood and urine tests performed the night of the arrest confirmed that Mr. Polak was sober and unimpaired, revealing the entire basis for the arrest was objectively false.

Polak's claim is made without the benefit of discovery. Polak reserves the right to amend his claim in the future.

●     **Defendants**: City of Hays, Kansas, Hays Police Department, Chief Don Scheibler, Officers Dakota Reese, Officer Joseph Lantz, and Officer Patrick Kelly.

●     **Date, Time, and Place of Incident:** The incident began on October 23, 2023, at

approximately 2:12 a.m., at or near the Dollar General parking lot located at 606 Vine Street, Hays, Kansas.

- **Action Taken by Officers:** Hays Police Officers (including, but not limited to, Police Chief Don Scheibler, Officers Reese, Lantz, and Kelly) performed an stop without the requisite reasonable suspicion.[1] They subsequently arrested Polak for Driving Under the Influence (DUI) and Interference with Law Enforcement without probable cause. During the arrest, the officers used excessive force, including physically removing Polak (age 69) from his vehicle, pushing Polak against his vehicle and drawing and pressing a Taser against his back while threatening to deploy it. [See Police Report, attached hereto as **Exhibit "A"**].

Officer Reese states, "I told Polak to stop and face the truck, pushing him up against the driver side of his truck. As I brought Polak's arms behind him Officer Lanta and Officer Kelly ran up to assist".

Officer Lantz states, "I took the opportunity to take a step back, draw my taser, turn my taser on, and press it up against at Polak's lower to mid back. I told Polak that he would get tased if he did not comply".

I was also unlawfully fingerprinted and booked. Because the initial arrest was invalid, any subsequent actions, such as booking and fingerprinting, that occur as a result of the arrest are also legally invalid. Polak's fingerprints, and other information, obtained due to the unlawful actions of Hays Police Department and its officers cannot likely be corrected. Presumably, the information has been submitted to state and federal databases.

- **Favorable Termination:** On April 23, 2025, the Municipal Court of Hays, Kansas, issued an Order of Dismissal *with prejudice* for both the DUI and Interference with Law Enforcement charges, establishing the lack of legal basis for the arrest and prosecution. [See Dismissal with Prejudice, attached hereto as **Exhibit "B"**].

- **Supporting Evidence:** Subsequent medical tests, obtained following the arrest, **confirmed** Polak's blood alcohol content was and that his urine was negative for all drugs screened, objectively disproving the officers' stated probable cause for DUI. [See Drug Test Results, attached hereto as **Exhibit "C"**].

The objective evidence definitively invalidated the entire basis of the arrest:

1. Stimulant Impairment: The Urine Toxicology Screen was returned as NEGATIVE for every drug tested, including stimulants (amphetamines/methamphetamines). This scientifically disproved the officer's central premise for the arrest.

2. Alcohol Impairment: My Alcohol Level was recorded at $\leq 0.01$ g%, a value far below the legal limit of 0.08 g%.

3. Pills: The pills seized by the officers during the inventory search were later confirmed to be over-the-counter medication.

The overwhelming scientific data forced the State to concede. On April 23, 2025, the Municipal Court of Hays issued an Order of Dismissal with prejudice for both the DUI and Interference charges.

- **Disregard for Polak's Rights:** In the audio and/or video recordings made by the

---

[1] The legality of a stop must be judged solely on the facts and information available to the officer at the moment the seizure occurs (when the officer activates the lights, uses the siren, or otherwise signals the driver to pull over).

officers, Polak requested an attorney multiple times after he had been detained. The officers did not give Polak his *Miranda* rights. Once, Polak asserted his right to counsel, all discussions should have stopped until an attorney was present. The officers, however, did not stop talking with Polak. The officers' failure to cease all discussion after the assertion of the right to counsel constitutes a Fifth Amendment violation of Polak's constitutional right to an attorney. This further supports Polak's position that the officers disregarded Polak's fundamental constitutional protections throughout the entire arrest process.

Polak reviewed the police report, specifically, the Personal Interview page that required the officers to read him his Miranda rights or sign a waiver. He does not recall if he signed, or was asked to sign, any such document. However, the document is not signed by Polak, and the form has not been completed by the officers.

- **DUI Evidence:** The officer's belief of impairment was based on Polak's "constricted" eyes, thrashing body, and being "very alert" (suspecting a stimulant). This suspicion led to a blood sample being taken. However, to justify the stop, the only observed behavior was lawful avoidance of police contact (turning into a lot, turning around, and stopping).

- **Interference with Law Enforcement:** The charge was based on Polak initially refusing to give his license, resisting arrest, and trying to reach for a knife (that he told the officers he had). In Kansas, this charge relies on obstructing an officer in the discharge of any official duty. Because the underlying investigatory stop or the DUI arrest was unlawful (lacking reasonable suspicion or probable cause), the officer was not acting in the discharge of an official duty, which would nullify the legal basis for the Interference charge, particularly the resistance to handcuffing.

- Among other things, Polak brings claims for false arrest, assault and battery, false imprisonment, malicious prosecution, unlawful search, unlawful seizure and violations of his civil rights. Polak contends that he did not discover he had claims, and they did not ripen, until the case was dismissed with prejudice on or about April 23, 2025 (date order is file stamped).

- Polak further believes that there is a pattern of similar behavior by the Hays Police Department, including but not limited, to improper stops, searches, seizures as shown in State of Kansas v. Juan Rosano. [See Rosano Order Granting Motion to Suppress, attached hereto as **Exhibit "D"**; see also Rosano Order Denying the State's Motion to Reconsider, attached hereto as **Exhibit "E"**]. In Rosano, the court granted Rosano's motion to suppress specifically finding "that the evidence presented during the Motion to Suppress hearing was insufficient to meet the state's burden of establishing probable cause. Therefore, the Court grants defendant's Motion to Suppress, finding a lack of probable cause to arrest and suppresses all evidence seized or obtained subsequent to defendant arrest." [**Exhibit "D"**]. The state then chose to file a motion to reconsider that was denied by the court.

- **Failure to Train/Improper Policies and/or Practices:** Except for below, Polak has not been provided with a copy of the policy handbook because no discovery has taken place. These violations of Plaintiffs' rights occurred pursuant to an official policy or custom of Hays Police Department implemented by its authorized policymakers, from a failure to properly train employees or implement policies protecting citizens' civil rights or a deliberate indifference, meriting the imposition of liability. Despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees and to remedy such misconduct, Hays Police Department adopted, approved, and ratified the acts, omissions, and misconduct of its officers.

These practices constitute the official policy of Hays Police Department because they were

promulgated by its officers, each of whom are given authority to implement its policies and procedures and expected to follow the law.

Hays Police Department is liable for these practices because they have a policy and/or history of failing to adequately train or supervise officers, which foreseeably resulted in the harms described herein (to Polak and to others).

On information and belief, Hays Police Department failed to provide appropriate and/or sufficient training or supervision to its officers. Polak's injuries were caused by an official policy, an unofficial custom, or a failure to train or supervise that was deliberately indifferent to his rights.

For example, upon information and belief, Polak believes that Defendants violated Mobile Video Recorder Policy 422.1. "The Hays Police Department has equipped marked law enforcement vehicles with Mobile Video Recorder (MVR) recording systems to provide records of events and to protect the Department." [See Policy 422, attached hereto as **Exhibit "F"**]. The MVR system is automatically activated unless manually turned off by an officer. Department policy requires that the MVR system be on for all traffic stops (including, but not limited to, traffic violations, assistance and all crime interdiction stops) and for suspicious vehicles. Upon information and belief, the MVR was not timely activated and/or manually turned off by officers during the incident with Polak. Polak does not believe that the MVR was on for the entire time.

2.    **NATURE AND EXTENT OF INJURIES AND DAMAGES**

- **Pecuniary Damages (Economic Loss):**
  - Attorney's Fees to defend the criminal charges: **$3,060**
  - Vehicle Tow/Retrieval Fees: **$152**
- **Non-Pecuniary Damages (Emotional/Physical Loss):**
  - Loss of liberty and unlawful detention.
  - Emotional distress, humiliation, and damage to reputation arising from the false arrest for DUI and the use of a Taser.
  - Physical pain and suffering resulting from the use of force (Battery).
  - Damages from being maliciously prosecuted on charges that lacked any factual basis.

Polak also requests that Hays Police Department develop and implement adequate training programs for its officers.

3.    **AMOUNT OF DAMAGES CLAIMED**

Polak seeks the maximum amount of damages available. Polak claims pecuniary damages in the amount of **$3,212**, plus **$500,000** in non-pecuniary damages. Punitive damages presumably are unavailable (there are exceptions, such as, for actual fraud or actual malice). If punitive damages are available, then Polak seeks **$1,000,000**. [See K.S.A. 75-6105].

The documented trauma from the arrest and the Taser threat led me to seek psychiatric treatment. My anti-depressant medication dosage was doubled, and new sleep medication was prescribed to address the emotional distress and aggravated PTSD. At this time, Polak is unable to assign an exact dollar figure to these additional costs.

The total claim, including all forms of damages, exceeds the jurisdictional limit of the state court.

**4.     CLAIMED PARTIES AT FAULT**

The parties against whom claims are made include, but are not limited to:

- The City of Hays, Kansas (for municipal liability and negligence).
- Officer Dakota Reese, Officer Joseph Lantz, and Officer Patrick Kelly (individually and in their official capacities).

**5.     WITNESSES**

Witnesses to the incident include the Hays Police Officers mentioned above and any hospital staff who performed the blood and urine tests. Other witnesses may be identified during the investigation.

**I hereby certify that the information provided herein is true and accurate to the best of my knowledge.**

10·14·25
_____
**Date**

_____
**Harold Polak**

Enclosures:

Police Report
Dismissal with Prejudice
Drug Test Results
Juan Rosano Documents

State of _Nebraska_ )
County of _Harlan_ )

     I, Harold Polak, have read the above and foregoing and I declare under penalty of perjury that the foregoing is true and correct.

     I understand that making a false statement in this affidavit could result in criminal charges for perjury.

     Subscribed and sworn to before me this _14_ day of _October_ , 2025.

> GENERAL NOTARY - State of Nebraska
> BRITTANY M. NURNBERG
> My Comm. Exp. November 18, 2027

Notary Public

My Commission Expires: _Nov. 18, 2027_

Notice of Claim for Harold Polak
Page 6 of 6

Exhibit "A"

**COMPLAINT**

Total # of Charges

**UNIFORM NOTICE TO APPEAR AND COMPLAINT**

Docket No.

State of Kansas County of: **ELLIS** City of **HAYS** Case No. **23-A101**

In the **MUNICIPAL** court of **HAYS** Kansas the Undersigned, complains that

On the **23** day of **October** 20**23** at **7.12** (Time)

Name **Polote** (Last)

**Hard** (First) **A** (Middle)

Address **11002 Old Hwy 183**

City **Alma** State **NE** Zip **68920**

Birthdate ▓ Race **W** Sex **M** Ht **5/0** Wt **175**

DL State **NE** No. ▓ Class **O**

Did Unlawfully in City of Hays **600 Blk View**

Did Unlawfully Operate a Yr **602** Make **Inote** A Comm Veh ☐

Year **2024** State **NE** License No. ▓

And did then and there commit the following:

By ☐ Speeding ___ mph in ___ mph zone ☐ Stationary ☐ Moving

☐ Disobeyed Traffic Signal/Sign ☐ Inattentive Driving ☐ Failure to Yield

☐ No Insurance ☐ No Seat Belt ☐ Wrong Way

**1** Sec. No. **30** ☐ Infraction ☑ Misd. ☑ DUI ☐ Accident

Ord. No. **4035** Description

**Driving Under the Influence**

**2** Sec. No. **128** ☐ Infraction ☑ Misd. ☐ DUI ☐ Accident

Ord. No. **4034** Description

**Interference w/Law Enforcement**

**3** Sec. No. ___ ☐ Infraction ☐ Misd. ☐ DUI ☐ Accident

Ord. No. ___ Description

Officer's Signature ___ No. **53.1** Co. **26**

Appear before **MUNICIPAL COURT** **HAYS, KS**

On **14** day of **November** 20**23** at ___ (Time)

I promise to appear in said court at said time and place above for arraignment.

Signature ___

I, the above officer, served a copy of this infraction citation upon the defendant. ☒

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.

HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| General Information | | | |
|---|---|---|---|
| **Case Number:** | 2023-00019201 | **Reporting Officer:** | 531 - Reese, Dakota |
| **Occurred Location:** | 606 VINE ST, HAYS, KS 67601 | **Reported Date:** | 10/23/2023 02:12 |
| | | **Incident Type:** | DUI |
| **Status:** | Closed | **Occurred From:** | 10/23/2023 02:12 |
| **Status Date:** | 10/27/2023 | **Occurred Through:** | 10/23/2023 02:12 |
| **Disposition:** | Arrest – Custody - Adult | **Exceptional Clearance:** | |
| **Disposition Date:** | 10/23/2023 | **Exceptional Clearance Date:** | |
| **Scene Processed By:** | | **Significant Event** | |
| **Campus Code:** | | **County:** | EL |

| Narratives | | | |
|---|---|---|---|
| **Name:** Driving Under the Influence/Interference | **Author:** 531 - Reese, Dakota | **Supervisor:** 530 - Hauptman, Brandon | **Date Created:** 10/23/2023 06:47 |

**Description:**

Arrested: Harold Polak

DUI 1st, Interference

Evidence:

Patrol Audio 23-19201a, 19201f Reese

WatchGuard: Unti 166

On October 23, 2023 at 0212 hours, I was on patrol in the area of 8th and Vine street. As I turned north from 8th Street, to go onto into the 800 blk Vine Street, I observed a dark color Toyota pickup pulling a camper, going north on Vine in approximately the 500 blk Vine Street. As I came through the intersection the truck turned into the private drive for Dollar General 606 Vine Street. I knew that Dollar General was closed and thought the driver might have turned off the street to avoid being seen by me. I turned around in the 800 blk Vine and drove past Dollar General to watch the drivers movements. The Toyota pickup had turned around in the parking lot and was now headed back out the entrance onto Vine, where they had pulled into. This confirmed my suspicion that the driver had no business at the store and had only turned off to avoid being seen by me. The driver stopped in the entrance to Dollar General, prior to pulling out onto the roadway. I turned around and sat at JDR paint, 602 Vine Street to watch the driver further. From where I was sitting, I could see the driver moving back and forth, looking over at my patrol car. After approximately a minute, the driver shut off the lights to his truck, indicating to me that he wasn't going anywhere while I was around. I drove into the Dollar General parking lot and pulled

THIS INFORMATION IS RESTRICTED TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

**Detail**



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

behind the RV to made contact with the driver.

I approached the driver side of the truck, a green Toyota Tundra (NE: 513 45A). I ran the tag on the truck (NE: 51156) as I approached. As I made it to the driver side of the window was up and I shinned my light in to view the occupants. The driver, later identified by his Nebraska drivers license as Harold Polak was upset that I was shining my flashlight in his truck. Polak rolled down his window, and I identified myself to him. I asked Polak what brought him to the parking lot. Polak was quick to get agitated and stated he was looking for a place to park. I explained to Polak that it appeared he was trying to avoid me. Polak told me that he didn't like law enforcement and that I had no reason to talk to him. I explained what I had observe to Polak, and why I had a reason to contact him. Polak argued, stating that I was just harassing him. As Polka talked to me, I noticed his eyes were constricted and didn't respond to my flashlight being near him or not. Polak could not sit still and thrashed his body back and forth. Polak told me he had been driving for 14 hours and had come from Texas. Polak didn't show any indicators that he was tired from driving all, rather he was very alert.

Polak stated he had been drinking caffeine all day, but as someone who frequently takes caffeine, I didn't believe Polak had only consumed caffeine, rather I believed he had taken a stimulant. I could see Polak's phone screen was open, and he had his GPS on. Polak's GPS showed he was planning to continue to go north on Vine, rather than turning off. I asked Polak for his driver's license. Polak originally refused to give it to me, stating that I didn't have a request it. As I again explained my lawful reason to Polak he stated he would give me his license. Polak frantically reached in his back pocket for his license and handed it to me. As I read Polak's drivers license to dispatch Officer Lantz, and Officer Kelly arrived on scene to assist. Polak opened his door, as I tried to hold it shut. Since Officer Lantz and Officer Kelly had arrived on scene, I decided this would be a good time to ask Polak to perform testing. I instructed Polak to exit the truck and told him I would have him perform field sobriety tests to make sure he was safe to drive. Polak was resistive at this point, and I had to turn him towards the truck. I asked Polak if he had weapons on his person. Polak told me he had a knife on him and proceeded to try to reach into his pockets. I told Polak to stop and face the truck, pushing him up against the driver side of his truck. As I brought Polak's arms behind him Officer Lanta and Officer Kelly ran up to assist.

Once I got Polak's hands behind his back I retrieved a pocketknife from his right front pocket. I asked Polak if he would be willing to perform field sobriety tests. Polak stated he wouldn't as he had issues walking. I told Polak that he was under arrest, and went to place him in handcuffs. Polak pulled his arm away and tried to turn around. Officer Kelly and I pushed Polak up against his truck and pulled his arms behind him. Officer Lantz drew his Taser and told Polak he would tase him if he didn't comply. I placed Polak in handcuffs and took him to my patrol car.

Polak had a dog with him in his truck, which Officer Lantz took possession of. I asked Polak what he would want done with his truck. Polak stated he didn't want it towed but didn't give me any other instructions on what he wanted when I told him I couldn't leave in the parking lot. The tags I had ran dispatch advised were expired. I asked Officer Lantz to complete an inventory on the truck and have it towed. Dispatch later advised Polak's tags were current but Nebraska's records had been down when I requested the return. Prior to me transporting Polak I searched the immediate area around Polak's driver seat for indicators so his impairment. I found two pill bottles without labels containing an assortment of pills. I seized these bottles at the time until I could identify the pills. Later I determined all of the pills were over the counter medication.

Officer Lantz stayed on scene with Officer Kelly, where they completed an inventory of Polak's vehicle and had it towed by five Star.

I transported Polak to the Ellis County Jail, where I brough him into the DUI observation lane. Polak's mannerisms were still very sudden, and sporadic to the point he could not stand or sit still. I provided Polak with his DC-70 and asked him if he would be willing to submit to the blood test. Polak

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

Print Date/Time: 11/13/2023 15:21

agreed and was adamant that he get his own test as well.

I had dispatch contact Hays Med for a blood draw. Phlebotomist Crysal Kuhn responded to the LEC and withdrew a sample of blood from Polak's left arm at 0258 hours.

I retrieved Polak's criminal history and met with him in the jail again. I confirmed with Polak that he wanted to get a second test and told him that he would be paying for the test. Polak stated he wanted the test. Prior to leaving with Polak I retrieved his Medicare Insurance card and took a photo of it.

I transported Polak to Hays Medical Center, where he provided a blood sample and eventually a urine sample. Officer Bieker took custody of Polak while I went to the LEC to complete Polak's paperwork.

I checked Polak's criminal history. Polak had a prior DUI on September 9, 2017, in Nebraska, jurisdiction NB0310000 Sheriff's office. The charge was plead down to reckless driving.

Once Polak was returned to the Ellis County Jail I presented him with his citations for driving under the influence 1st, and interference with law Enforcment. Polak was given a court date for November 14, 2023, and he signed his citations for me.

I mailed Polak's blood sample off to the KBI for testing.

NFA/DR

Cpl. Reese #S31

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| | | | |
|---|---|---|---|
| **Name:** DUI/Interference | **Author:** 535 - Lantz, Joseph | **Supervisor:** 530 - Hauptman, Brandon | **Date Created:** 10/24/2023 22:40 |

**Description:**

Suspect:

Harold Polak

Evidence:

Unit 183 Watchguard

DR Lantz 23-19201

Vehicle Inventory Sheet

On October 23rd, 2023, at 0217 hours, Ofc. Kelly and I arrived on scene of a suspicious vehicle incident that Cpl. Reese was working. As I stepped out of my patrol car and approached the truck and attached camper, I hear what I believed was a heated argument between Cpl. Reese and the driver of the vehicle, Harold Polak (DOB 02/12/1954).

I hurried over to Cpl. Reese, who pushed Polak up against Polak's truck. I grabbed on to one of Polak's arms, but I don't know which one. I held the arm behind Polak's back. Cpl. Reese asked Polak if he was willing to submit to 5FSTs, to which Polak stated he would not. Polak tried to pull his arms away from officer and turn towards the left. Ofc. Kelly grabbed onto Polak's left side, while Cpl. Reese grabbed onto Polak's right side. I took the opportunity to take a step back, draw my taser, turn my taser on, and press it up against at Polak's lower to mid back. I told Polak that he would get tased if he did not comply. Cpl. Reese and Ofc. Kelly escorted Polak to Cpl. Reese's patrol car and placed him inside.

Ofc. Kelly and I collected Polak's dog, which was a black medium sized dog. We placed the dog in the cage on my patrol car. Cpl. Reese directed me to have the vehicle towed. Ofc. Kelly and I conducted a vehicle inventory of the truck, but only checked the camper to make sure it was empty. Five-star came to the scene and towed the truck and the attached camper. Ofc. Kelly and I took the dog to the LEC. At the LEC, I put the dog in a kennel in the east bay and gave it water. I placed the vehicle inventory sheet on Cpl. Reese's desk.

NFA

Ofc. Joseph Lantz IV S35

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)



# Case Report

### Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| | | | |
|---|---|---|---|
| **Name:** DUI | **Author:** 532 - Kelly, Patrick | **Supervisor:** 530 - Hauptman, Brandon | **Date Created:** 10/25/2023 22:39 |

**Description:**

On 10/23/2023 at 0217 hours, Officer Lantz and I assisted Corporal Reese on a suspicious vehicle incident. Upon arrival Corporal Reese had the suspect exiting the vehicle. The suspect was Harold Polak, born on 2/12/1954. I exited the vehicle and heard Corporal Reese telling Polak to face the vehicle. Polak appeared hostile toward Corporal Reese yelling at him. I came around the front of the car to assist. At this point Polak was facing the vehicle. Corporal Reese was telling Polak to face the vehicle. Polak was moving his body frantically. Polak then began to try to free his hands from Corporal Reese. I stepped from the left side of Polak putting my right hand on Polak's back to keep him distanced from Corporal Reese and myself. Polak's left hand was pressed against the vehicle, I took my right hand and grabbed Polak's left wrist. I then took my left forearm and placed it in front of Polak's left elbow. I pulled Polak's hand and placed it behind his back for Corporal Reese to handcuff him. I then assisted Corporal Reese in walking Polak to the patrol car. When we got to the patrol car Corporal Reese began to search Polak. Polak began to move his body around frantically. I held Polak with my right hand in his left bicep to keep him from attempting to harm Corporal Reese. Corporal Reese and I placed Polak into Corporal Reese's vehicle.


Polak had a black dog that was medium sized. I assisted Officer Lantz to get it in our patrol vehicle. Officer Lantz and I then took inventory of Polak's vehicle since it needed to be towed. We recorded the items in the truck, and only searched the trailer to confirm there were not people inside the vehicle. Five star towed the vehicle away. Officer Lantz and I transported the dog to the East Bay of the LEC and placed it in a Kennel.


NFA

Patrick Kelly 532

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT
11-13-2023
(date)

# HAYS POLICE DEPARTMENT
## Alcohol/Drug Influence Report

Case No. 23-1201
Date 10/28/2023
DL No./St. G51007252

| NAME: LAST | FIRST | MIDDLE | DATE OF BIRTH |
|------------|-------|--------|---------------|
| Polak | Harold | A | 2/12/1984 |

## REASON FOR STOP

On October 23, 2023, at approximately 2:12, on/at: 600 Blk Vine Street
LOCATION
I observed a vehicle doing the following:

| | | |
|---|---|---|
| ___ Turning with a wide radius | ___ Swerving | ___ Driving into opposing traffic |
| ___ Straddling center or lane marker | ___ Slow speed ( more than 10 below) | ___ Signaling inconsistent with actions |
| ___ Appearing to be drunk | ___ Stopping without cause in a lane | ___ Slow response to traffic signals |
| ___ Almost striking an object | ___ Following too closely | ___ Stopping inappropriately |
| ___ Weaving | ___ Drifting | ___ Turning abruptly or illegally |
| ___ Driving on other than the roadway | ___ Tires on center or lane marker | ___ Accelerating or decelerating rapidly |
| ___ Traffic Violation(s): | ___ Braking erratically | ___ Headlights off |

OTHER: Consensual Contact - 3 Special Vehicle.

## SUBJECT OBSERVATIONS

| | | | | |
|---|---|---|---|---|
| Reaction time to emergency equipment? | | | | |
| Stopped vehicle properly? | ☐ Yes | ☐ No | ☒ Other: | Contacted in parking lot |
| Fumbled getting license? | ☐ Yes | ☐ No | ☒ Other: | Quickly reached for Directed to pull out |
| Unsteady exiting vehicle? | ☐ Yes | ☐ No | ☒ Other: | Got out prior to being instructed wallet |
| Alcohol in vehicle? | ☐ Yes | ☒ No | ☐ Other: | |
| Drugs in vehicle? | ☐ Yes | ☐ No | ☒ Other: | Was the Owner |
| BREATH: | Odor of alcoholic beverage | ☒None ☐ Faint ☐ Moderate ☐Strong ☐Other: | | |
| SPEECH: | ☐Good ☐Fair ☐Mumbled ☐Slurred ☒Profanity ☐Soft ☐Loud ☐Other: | | | |
| EYES: | ☐Bloodshot ☐Watery ☐Glazed ☐Droopy ☐Normal ☒Other: Unresponsive to right | | | |
| ATTITUDE: | Polite ☒Excited ☒Talkative ☐Carefree ☐Sleepy ☐Abusive ☐Other: ☐Cooperative ☐Indifferent ☒Antagonistic ☐Cocky ☒Combative ☐Insulting | | | |
| CLOTHING: | (Describe) T-Shirt Grey pants ☐Stained ☐Dirty ☐Wet ☐Unbuttoned ☐Unzipped ☐Other: | | | |
| UNUSUAL ACTIONS: | ☐Laughing ☐Crying ☐Hiccupping ☐Belching ☐Vomiting ☐Medical Issue | | | |
| COMMENTS: | | | | |

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

HPD 102 Rev. 04-28-15

# FIELD SOBRIETY TESTS

## WALK AND TURN

### TEST

1. **LOSES BALANCE DURING INSTRUCTIONS.** (Does not maintain heel-to-toe position throughout the instructions.)

2. **STARTS BEFORE INSTRUCTIONS ARE FINISHED.** (Does not wait until you tell him to begin as per the instructions.)

|  | FIRST NINE STEPS | SECOND NINE STEPS |
|---|---|---|

3. **STOPS WHILE WALKING.** (Pauses for several seconds after a step.)

4. **DOESN'T TOUCH HEEL-TO-TOE.** (Leaves 1/2 inch or more between heel and toe on any step.)

5. **STEPS OFF THE LINE.** (Subject steps so that one foot is entirely off of the line.)

6. **USES ARMS TO BALANCE.** (Raises one or both arms 6 or more inches from sides in order to maintain balance.)

7. **IMPROPER TURN.** (Removes the pivot foot from the line while turning.)

8. **INCORRECT NUMBER OF STEPS.** (Takes more or less than 9 steps in each direction. Don't count this item because he has trouble counting.)

| | TOTAL |
|---|---|

COMMENTS: _____ *Refused all testing* _____

### TEST

| | 0 to 10 SECS | 11 to 20 SECS | 21 to 30 SECS |
|---|---|---|---|

1. **SWAYS WHILE BALANCING.** (Side-to-side or back-and-forth motion while maintaining the one leg stand position.)

2. **USES ARMS TO BALANCE** (Moves arms 6 or more inches from side to maintain balance in the one leg stand position.)

3. **HOPPING** (Able to keep one foot off the ground, but resorts to hopping to maintain balance.)

4. **PUTS FOOT DOWN** (Not able to maintain the one leg stand position. Putting foot down 1 or more times during 30 sec.)

| | TOTAL |
|---|---|

INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT

COMMENTS: _____

2

11-13-2023
(date)

**TESTING SURFACE**

- _____ BLACKTOP
- __X__ CONCRETE
- _____ GRAVEL
- _____ SAND/DIRT
- _____ OTHER _____

**SURFACE CONDITION**

- __X__ DRY
- _____ WET
- _____ SNOW
- _____ ICE
- _____ OTHER _____

**ROADWAY SURFACE**

- _____ BLACKTOP
- __X__ CONCRETE
- _____ GRAVEL
- _____ SAND/DIRT
- _____ OTHER _____

**FOOTWEAR**

- _____ SHOES/BOOTS
- _____ (SHOES)/SANDALS
- _____ HIGH/LOW HEELS
- _____ BAREFOOT
- _____ OTHER _____

**PHYSICAL PROBLEMS**

- _____ LEFT/RIGHT HIP
- _____ LEFT/RIGHT KNEE
- _____ LEFT/RIGHT ANKLE
- _____ LEFT/RIGHT FOOT
- __X__ OTHER _complained_
- _____ NONE _of leg pain later_

**WEATHER**

- __X__ CLEAR/CLOUDY
- _____ RAIN/FOG
- _____ SNOW/SLEET
- _____ WINDY/CALM
- _____ OTHER _____

COMMENTS: _____

---

## HORIZONTAL GAZE NYSTAGMUS          VERTICAL GAZE NYSTAGMUS

NOTE: Does subject wear contacts?     ☐ YES   ☐ NO          VGN   ☐ YES   ☐ NO

**TEST**

| | LEFT | RIGHT |
|---|---|---|
| 1. EYE PURSUES SMOOTHLY. (Be sure jerkiness was not due to your moving the object in a jerky manner.) | | |
| 2. DISTINCT NYSTAGMUS AT MAXIMUM DEVIATION. (Do not mark unless some of the white is visible on both sides of iris.) | | |
| 3. NYSTAGMUS ONSET BEFORE 45 DEGREES. (Do not mark if you only see faint jerking that occurs at the onset point. | | |
| | TOTAL | |

COMMENTS OR ADDITIONAL NOTES: _____

PBT: Model _____ Ser.# _____ Results: _____

**SUSPECT ARRESTED:** Date _10/25/23_ _____ Time _2.18_

DC - 70/IMPLIED CONSENT GIVEN?     (YES)          NO

DC - 27 Served: _____ Date _____ Time _____ Location _____

Convergence
Right Eye    Left Eye

Romberg Balance

## CHEMICAL TEST INFORMATION

Do you have anything in your mouth?  ☐ YES  ☐ NO     Visually inspected?  ☐ YES  ☐ NO

Type of test offered: ☒ Blood ☐ Breath ☐ Urine ☐ Refused   Observation Time Started: _____

Test sample taken by: _HMC_ _____ Date _10/25/23_ Time _0758_

Location of test: _IS w 17th_ _____ Witnessed by _W Kase_

If breath was offered, indicate which test(s): _____

**TEST RESULTS:** _____ grams of alcohol per 100 milliliters of blood or 210 liters of breath.

If test used was Blood, Breath or Urine, Test Analyzed by: _____ Agency: _____

Date _____ Time _____ If the test was Urine, did test(s) indicate any drugs present?  ☐ YES  ☐ NO

HPD

Internal clock

THIS INFORMATION RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE

HAYS POLICE DEPARTMENT

11-13-2023
(date)

# PERSONAL INTERVIEW

## MIRANDA WARNING

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court of law.

3. You have the right to talk to a lawyer and have him present with you while you are being questioned.

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.

5. You can decide at any time to exercise these rights and not answer any questions or make any statements.

## WAIVER

1. Do you understand each of these rights I have explained to you?
☐ YES   ☐ NO   ☐ No Response   ☐ Refer to Comments

2. Having these rights in mind, are you willing to talk to me now?
☐ YES   ☐ NO   ☐ No Response   ☐ Refer to Comments

Signature X_____  Time:_____

---

NA = Not Applicable      NR = No Response      RC = Refer to Comments
RS = Refer to Supplemental Report      DA = Did Not Ask

---

1. Were you operating a vehicle?_____   2. Where were you going?_____

3. Where were you coming from?_____   4. What road were you on?_____

5. What direction were you going?_____   6. Without looking, what is the date and time now?_____ (actual)   7. Have you been drinking or taking drugs?_____

8. What?_____   9. How much?_____

10. Where?_____   11. What time did you start?_____

12. What time did you stop?_____   13. Do you feel that you are under the influence now?_____

14. Do you feel that you can operate a vehicle safely?_____   15. Have you been involved in an accident today?_____

16. Have you been drinking or taking drugs since the accident?_____   17. Are you injured or ill?_____

18. What are your injuries or illness?_____   19. Have you been to see a doctor or dentist recently?_____

20. When?_____   21. Why?_____

22. Do you take any prescription medicine?_____   23. What?_____

24. Are you a diabetic?_____   25. Do you take insulin?_____   26. Last dose?_____

27. Are you an epileptic?_____   28. Do you wear false teeth?_____   29. When did you last sleep?_____

30. How many hours?_____   31. When did you last eat?_____

COMMENTS OR ADDITIONAL NOTES:_____

_____

_____

_____

# CHARGES

1. Operating a motor vehicle while under the influence of alcohol and/or drugs   DATE: 10/23/2023

2. _Interference_   4. _____

3. _____   5. _____

Officer preparing report: _DaVota Rose_ (Printed)   _[signature]_ (Signature)

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
HPD
11-13-2023
(date)

SSl
23-1920l

## TESTING NOTICES – BLOOD OR URINE

1. If you **refuse** to submit to and complete the test or tests, your driving privileges will be suspended for a period of one year.

2. If you **fail** a test, your driving privileges will be suspended for a period of either 30 days or one year.

3. The results of the testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

4. After the completion of the testing, you may request and have the right to consult with an attorney and may secure additional testing.

### UNDER 21 NOTICES
If the person is **UNDER 21**, read the additional notices below:

1. It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater.

2. If you are less than 21 years of age at the time of the test request and submit to and complete the test or tests and the test results show an alcohol concentration of .02 or greater, but less than .08, on your first occurrence, your driving privileges will be suspended for 30 days and on your second or subsequent occurrence, your driving privileges shall be suspended for one year.

### CDL NOTICES
If the person has been driving a **COMMERCIAL MOTOR VEHICLE**, read additional notice below:

1. Whenever a law enforcement officer has reasonable grounds to believe a person has been driving a commercial motor vehicle while having alcohol or other drugs in such person's system and the person refuses to submit to and complete a test or tests requested by a law enforcement officer or submits to and completes a test requested by a law enforcement officer which determines that the person's alcohol concentration is .04 or greater, the person will be disqualified from driving a commercial motor vehicle for at least one year, pursuant to Kansas law.

**OFFICER INSTRUCTIONS: All tests are to be administered at the direction of a law enforcement officer and the law enforcement officer shall determine which type of test or tests to request. Keep a completed copy of this document for your file.**

- **PROVIDE A COPY OF THIS FORM TO THE PERSON.**
- **READ ALL APPLICABLE NOTICES.**
- **REQUEST THAT THE PERSON SUBMIT TO A TEST OR TESTS.**

**WILL YOU TAKE A:** ☒ **BLOOD TEST** ☐ **URINE TEST**

**RESPONSE:** ☒ Yes ☐ No

Harold Polak
Name of Licensee

10/23/2023
Date

Cpl. Rese #831
Officer Administering Testing

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

DC-70 (Rev. 07/19)

## TESTING NOTICES – BREATH OR OTHER BODILY SUBSTANCE
## (NOT BLOOD OR URINE)

1. You have no right to consult with an attorney regarding whether to submit to testing, but, after the completion of the testing, you may request and have the right to consult with an attorney and may secure additional testing.

2. If you **refuse** to submit to and complete the test or tests, your driving privileges will be suspended for a period of one year.

3. If you **fail** a test, your driving privileges will be suspended for a period of either 30 days or one year.

4. Refusal to submit to testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

5. The results of the testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

### UNDER 21 NOTICES
If the person is **UNDER 21**, read the additional notices below:

1. It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater.

2. If you are less than 21 years of age at the time of the test request and submit to and complete the test or tests and the test results show an alcohol concentration of .02 or greater, but less than .08, on your first occurrence, your driving privileges will be suspended for 30 days and on your second or subsequent occurrence, your driving privileges shall be suspended for one year.

### CDL NOTICES
If the person has been driving a **COMMERCIAL MOTOR VEHICLE,** read additional notice below:

1. Whenever a law enforcement officer has reasonable grounds to believe a person has been driving a commercial motor vehicle while having alcohol or other drugs in such person's system and the person refuses to submit to and complete a test or tests requested by a law enforcement officer or submits to and completes a test requested by a law enforcement officer which determines that the person's alcohol concentration is .04 or greater, the person will be disqualified from driving a commercial motor vehicle for at least one year, pursuant to Kansas law.

**OFFICER INSTRUCTIONS: All tests are to be administered at the direction of a law enforcement officer and the law enforcement officer shall determine which type of test or tests to request. Keep a completed copy of this document for your file.**

- **PROVIDE A COPY OF THIS FORM TO THE PERSON.**
- **READ ALL APPLICABLE NOTICES.**
- **REQUEST THAT THE PERSON SUBMIT TO A TEST OR TESTS.**

**WILL YOU TAKE A:** ☐ **BREATH TEST** ☐ **OTHER BODILY SUBSTANCE TEST (NOT BLOOD OR URINE)**

**RESPONSE:** ☐ Yes ☐ No

_____
Name of Licensee

_____
Date

DC-70 (Rev. 07/19)

Officer Administering Testing

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT

11-13-2023
(date)

## CONSENT TO SEARCH

I _____ do hearby voluntarily grant my consent to _____

Rank, Name, Radio #

A member of the Hays Police Department, To search the following: ☐ Vehicle and Contents   ☐ Residence   ☐ Business

Located _____

I UNDERSTAND THAT I HAVE THE RIGHT TO REFUSE TO CONSENT TO THE SEARCH DESCRIBED AND TO REFUSE TO SIGN THIS FORM. I FURTHER STATE THAT NO PROMISES, THREATS, FORCE OR PHYSICAL OR MENTAL COERCION OF ANY MANNER HAVE BEEN USED TO OBTAIN MY CONSENT DESCRIBED ABOVE OR TO SIGN THIS FORM. I FURTHER UNDERSTAND THAT I HAVE THE RIGHT TO WITHDRAW, LIMIT OR REVOKE MY CONSENT AT ANY TIME.

SIGNATURE _____ DATE _____ TIME _____

TIME SEARCH BEGAN ~0252   TIME SEARCH ENDED ~0245"   WITNESS Ofc Kelly

| V E H I C L E | | | | | | |
|---|---|---|---|---|---|---|
| MAKE _____ MODEL _____ YEAR _____ STYLE _____ COLOR _____ MILEAGE _____ | | | | | | |
| LICENSE NO. _____ YEAR _____ STATE _____ ID# _____ | | | | | | |
| TOWED BY _____ TO _____ | | | | | | |
| REG OWNER/ _____ ADDRESS/ _____ | | | | | | |
| OWNER NOTIFIED   YES/NO   BY WHOM _____ | | | | | | |
| DATE ABANDONED VEHICLE STICKER APPLIED _____ DATE TOWED _____ | | | | | | |
| CONDITION _____ | | | | | | |

| INTERIOR | TRUNK | GLOVE COMPARTMENT |
|---|---|---|
| CDs | Cooler | Car Manual |
| Misc trash | Wheelchair | |
| Drinks | Broom | |
| Cigarettes | Table | |
| Misc Car Care supplies | | |
| Thermometer | | |
| Metal Detector | | |
| Cart | | |
| Phone | | |
| Phone Charger | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

INVENTORY OFFICERS SIGNATURE

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)

# Hays Police Department
## Combined Narrative/Consent to Search/Vehicle Inventory

**TYPE OF REPORT**

☐ Consent to Search
☒ Tow Storage/Inventory
☐ Narrative

Page _____ 1 _____ of _____ 2 _____

Case # _____ 23-19201 _____

Offense _____ DUI _____

Date of Report _____ 10/23/23 _____

Name _____ Polak _____ _____ Harold _____ _____ A _____ D.O.B. ████████
　　　　　Last　　　　　　　First　　　　　　MI

Date of Occurrence _____ 10/23/23 _____    Time _____ 0212 _____    Location _____ Dollar General, 606 Vine St. _____

Reporting Officer _____ Lantz 5i _____    Radio # _____ 535 _____    Additional Officers _____ Reese 531, Kelly 532 _____

Passenger _____    Address _____    D.O.B. _____

## NARRATIVE

Polak arrested for DUI and Interference. Vehicle towed
due to blocking business entrance.

THIS INFORMATION IS RESTRICTED AS TO
USE AND DISSEMINATION. CIVIL AND
CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

Exhibit "B"

FILED

0 4 2 3 2 5

Hays Municipal Court

## IN THE MUNICIPAL COURT OF HAYS, KANSAS

CITY OF HAYS,

          Plaintiff,

vs.

                                        Case No. 23-19201

HAROLD POLAK,

          Defendant.

### ORDER OF DISMISSAL

NOW on this 31st day of March, 2025, the above-entitles matter comes on for hearing. The City of Hays appears by Donald F. Hoffman, City Prosecutor for the City of Hays. The Defendant appears by and through his attorney, Gregory A. Schwartz of Schwartz & Park, L.L.P., Hays, Kansas.

THEREUPON, the City of Hays moves to dismiss with prejudice the charges of Driving Under the Influence and Interference with Law Enforcement in this matter, and the Court does hereby dismiss with prejudice the above-entitled matter.

**IT IS SO ORDERED.**

                                                   ROSS J. WICHMAN
                                                   Municipal Court Judge

SUBMITTED AND APPROVED BY:

GREGORY A. SCHWARTZ, #19902
Schwartz & Park, L.L.P.
Attorney for Defendant

APPROVED BY:

DONALD F. HOFFMAN, #9502
City Prosecutor

Exhibit "C"

```
RUN DATE 10/23/23                                                    PAGE   1
RUN TIME 1038                      Specimen Inquiry
```

**Name:** Polak,Harold A
**Age/Sex:** 69/M     **Reg:** 10/23/23   **Dis:** 10/23/23   **Atnd Dr:** Pfeifer,Aaron M MD
**Acct#:** V00069655090   **Status:** DEP ER              **Prim Dr:** No Primary Care Provider
**Location:** ER -              **Dob:** ████████

**Ordered by:** Pfeifer,Aaron M MD
**COMMENT:**
**Specimen:** 1023:S00003S     COMP     **Collected:** 10/23/23-0425     **Received:** 10/23/23-0428

| Test | Result | Flag | Reference | Verified | Site |
|------|--------|------|-----------|----------|------|
| *Toxicology Screen, Urine *HMC** | | | | | |
| Cannabinoids | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Phencyclidine (PCP) | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Cocaine | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Methamphetamines | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Opiates | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Amphetamine/Meth | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Benzodiazepines | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Tricyclic Antidepressants | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Methadone | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Barbiturates | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Oxycodone | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Buprenorphine | NEGATIVE | \| \| | **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |

** CONTINUED ON NEXT PAGE **

**RUN DATE** 10/23/23                                                          **PAGE**    2
**RUN TIME** 1038                          Specimen Inquiry


**Patient:** Polak,Harold A                        **Acct#:** V00069655090          **(Continued)**
**Age/Sex:** 69/M        **Reg:** 10/23/23  **Dis:**10/23/23  **Atnd Dr:**Pfeifer,Aaron M MD
**Status:** DEP ER      **Location:** ER -           **Prim Dr:**

| Test | Result | Flag | Reference | Site Verified |
|------|--------|------|-----------|---------------|

*THE REFERENCE RANGE FOR ALL DRUG CLASSES IS NEGATIVE.*
**************************************************************
*THE DETECTION LIMITS FOR THE DRUG CLASSES ARE:*
*TRICYCLIC ANTIDEPRESSANTS..................... 300 ng/mL*
*BARBITURATES................................. 200 ng/mL*
*METHADONE.................................... 200 ng/mL*
*BENZODIAZEPINE............................... 150 ng/mL*
*CANNABINOIDS.................................  50 ng/mL*
*OPIATES...................................... 100 ng/mL*
*AMPHETAMINE..................................500 ng/mL*
*COCAINE METABOLITES.......................... 150 ng/mL*
*PHENCYCLIDINE................................  25 ng/mL*
*METHAMPHETAMINE..............................500 ng/mL*
*BUPRENORPHINE.................................10 ng/mL*
*OXYCODONE....................................100 ng/mL*
*Although methamphetamine and MDMA (Ecstasy) are not*
*differentiated in this assay, different cut-off levels*
*are applied to each due to metabolic effects.*
**************************************************************
*THESE SCREENING RESULTS ARE TO BE USED ONLY FOR MEDICAL*
*TREATMENT PURPOSES.*

IH - Hays Medical Center 4382800
     Testing Performed by Central Plains Laboratories, dba Quest Diagnostics
                          2220 Canterbury Drive, Hays, KS  67601
     Kurt Rider, MD




                          ** END OF REPORT **

**RUN DATE** 10/23/23                                                                                **PAGE**    1
**RUN TIME** 1039                          Specimen Inquiry


**Name:** Polak,Harold A
**Age/Sex:** 69/M        **Reg:**10/23/23  **Dis:**10/23/23    **Atnd Dr:** Pfeifer,Aaron M MD
**Acct#:**V00069655090   **Status:** DEP ER               **Prim Dr:** No Primary Care Provider
**Location:** ER -           **Dob:** ███████████

**Ordered by:** Pfeifer,Aaron M MD
**COMMENT:**
**Specimen:** 1023:C00092S    COMP    **Collected:** 10/23/23-0355    **Received:** 10/23/23-0409

| Test | Result | Flag | Reference | Site |
|------|--------|------|-----------|------|
| | | | | Verified |
| Alcohol Level | <= 10 | \| | \| <=10 mg/dL | |
| | | | *Verified* | *10/23/23*    0430 |
| | *100 mg/dL = 0.100 g% (g/dL)* | | | |

IH - Hays Medical Center 4382800
    Testing Performed by Central Plains Laboratories, dba Quest Diagnostics
                        2220 Canterbury Drive, Hays, KS  67601
       Kurt Rider, MD



                        ** END OF REPORT **

Exhibit "D"

ELECTRONICALLY FILED
2024 Apr 05 AM 11:57
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: EL-2023-CR-000132
PII COMPLIANT



**Court:**　　　　Ellis County District Court

**Case Number:**　EL-2023-CR-000132

**Case Title:**　　In the Matter of the Municipal Appeal of  Juan Rosano

**Type:**　　　　ORD: Order (Generic) Order Granting Motion to Suppress


SO ORDERED,


_____
/s/ Honorable Glenn Braun, Chief District Court Judge


Electronically signed on 2024-04-05 11:57:04        page 1 of 3

**IN THE DISTRICT COURT OF**
**ELLIS COUNTY, KANSAS**

STATE OF KANSAS,            )
                           )
       Plaintiff,        )
                           )
VS.                        )        No. EL-23-CR-132
                           )
JUAN ROSANO,               )
                           )
       Defendant,        )
_____)

**ORDER GRANTING MOTION TO SUPPRESS**

Comes now on this 2nd day of April 2024, defendant's Motion to Suppress. The State appears by its assistant Ellis County Attorney Aaron J. Cunningham. The defendant appears in person and by his counsel, Michael S. Holland II. Presiding is the Honorable Glenn R. Braun. There are no other appearances.

Thereupon, the state presents evidence through the testimony of Officer Clayton and Officer Leach of the Hays Police Department.

Thereupon, after argument of counsel, the Court finds that the evidence presented during the Motion to Suppress hearing was insufficient to meet the state's burden of establishing probable cause. Therefore, the Court grants defendant's Motion to Suppress, finding a lack of probable cause to arrest and suppresses all evidence seized or obtained subsequent to defendant arrest.

IT IS SO ORDERED.

SUBMITTED & APPROVED:


HOLLAND AND HOLLAND

/s/Michael S. Holland II
Michael S. Holland II #18800
Attorney at Law
P. O. Box 206
810 Main
Russell, Kansas  67665-0206
Phone 785-483-5332
FAX 785-483-3847
michaelholland@hollandandhollandattorney.com
Attorney for Defendant


APPROVED:

ELLIS COUNTY ATTORNEY

/s/Aaron Cunningham____
Aaron Cunningham #28250
Assistant Ellis County Attorney
107 W. 12th Street
Hays, Kansas 67601
FAX 785-628-9409
Attorney for Plaintiff




MSHII/ah/MTS/Rosano

Exhibit "E"

ELECTRONICALLY FILED
2024 Nov 20 PM 3:18
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: EL-2023-CR-000132
PII COMPLIANT



**Court:**        Ellis County District Court

**Case Number:**  EL-2023-CR-000132

**Case Title:**   In the Matter of the Municipal Appeal of  Juan
                  Rosano

**Type:**         ORD: Order (Generic) Order Denying the State's
                  Motion for Reconsideration


                  SO ORDERED,

                  _____
                  /s/ Honorable Glenn Braun, Chief
                  District Court Judge


Electronically signed on 2024-11-20 15:18:28        page 1 of 3

**IN THE DISTRICT COURT OF**
**ELLIS COUNTY, KANSAS**

| | | |
|---|---|---|
| STATE OF KANSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. EL-23-CR-132 |
| | ) | |
| JUAN ROSANO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING THE STATE'S MOTION FOR RECONSIDERATION**

Comes now on this 12th day of November 2024, the above captioned matter for review at defendant's request. The State appears by Aaron J. Cunningham. The defendant appears by his attorney, Michael S. Holland II. Presiding is The Honorable Glenn R. Braun. There are no other appearances.

Thereupon, after argument from counsel and review of the briefs, the court denies the State's Motion for Reconsideration.

IT IS SO ORDERED.

SUBMITTED & APPROVED:

HOLLAND AND HOLLAND

/s/Michael S. Holland II
Michael S. Holland II #18800
Attorney at Law
P. O. Box 206
810 Main
Russell, Kansas  67665-0206
Phone 785-483-5332
FAX 785-483-3847
michaelholland@hollandandhollandattorney.com
Attorney for Defendant


APPROVED:

ELLIS COUNTY ATTORNEY

/s/ Aaron Cunningham
Aaron Cunningham #28250
Assistant Ellis County Attorney
107 W. 12th Street
Hays, Kansas 67601
FAX 785-628-9409
Attorney for Plaintiff


MSH/ah/OdrDeny\Rosano

Exhibit "F"

| Policy **422** | Hays Police Department |
|---|---|
| | Hays Police Department Policy Manual |

# Mobile Video Recorder

## 422.1  PURPOSE AND SCOPE
The Hays Police Department has equipped marked law enforcement vehicles with Mobile Video Recorder (MVR) recording systems to provide records of events and to protect the Department and its members. This policy provides guidance on the use of these systems.

### 422.1.1  DEFINITIONS
Definitions related to this policy include:

**Activate** - Any process that causes the MVR system to transmit or store video or audio data in an active mode.

**In-car camera system and MVR system** - Synonymous terms that refer to any system that captures audio and video signals, that is capable of installation in a vehicle, and that includes at a minimum, a camera, microphone, recorder and monitor (K.S.A. § 45-254).

**MVR technician** - Personnel certified or trained in the operational use and repair of MVRs, duplicating methods, storage and retrieval methods, and who have a working knowledge of evidentiary procedures.

**Recorded media** - Audio/video signals recorded or digitally stored on a storage device or portable media.

## 422.2  POLICY
It is the policy of the Hays Police Department to use mobile video recording technology to more effectively fulfill the mission of the Department and to ensure these systems are used securely and efficiently.

## 422.3  OFFICER RESPONSIBILITIES
Prior to going into service, each officer will properly equip him/herself to record audio and video in the field. Each officer will follow the established procedures for providing to the Department any recordings or used media and any other related equipment. Each officer should have adequate recording media for the entire duty assignment. In the event an officer works at a remote location and reports in only periodically, additional recording media may be issued.

At the start of each shift, officers should test the MVR system's operation in accordance with manufacturer specifications and department operating procedures and training.

If the system is malfunctioning, the officer shall take the vehicle out of service unless a supervisor requests the vehicle remain in service.

## 422.4  ACTIVATION OF THE MVR
The MVR system is designed to turn on whenever the vehicle's emergency lights are activated. The system remains on until it is turned off manually.

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

# Hays Police Department
### Hays Police Department Policy Manual

*Mobile Video Recorder*

## 422.4.1  REQUIRED ACTIVATION OF THE MVR

This policy is not intended to describe every possible situation in which the MVR system may be used, although there are many situations where its use is appropriate. An officer may activate the system any time the officer believes it would be appropriate or valuable to document an incident.

In some circumstances it is not possible to capture images of the incident due to conditions or the location of the MVR. The MVR system should be activated in any of the following situations:

(a)  All field contacts involving actual or potential criminal conduct within video range:

1.  Traffic stops (including, but not limited to, traffic violations, stranded motorist assistance and all crime interdiction stops)

2.  Priority responses

3.  Vehicle pursuits

4.  Suspicious vehicles

5.  Arrests

6.  Vehicle searches

7.  Physical or verbal confrontations or use of force

8.  Pedestrian checks

9.  Driving while under the influence (DUI) investigations, including field sobriety tests

10.  Consensual encounters

11.  Crimes in progress

(b)  Any call for service involving a crime where the recorder may aid in the apprehension and/or prosecution of a suspect including:

1.  Domestic violence

2.  Disturbance of the peace

3.  Offenses involving violence or weapons

(c)  Any other contact that becomes adversarial after the initial contact, in a situation that would not otherwise require recording

(d)  Any other circumstance where the officer believes that a recording of an incident would be appropriate

Activation of the MVR system is not required when exchanging information with other officers or during breaks, lunch periods, when not in service or actively on patrol.

## 422.4.2  CESSATION OF RECORDING

Once activated, the MVR system should remain on until the incident has concluded. For the purpose of this section, conclusion of an incident has occurred when all on scene arrests have been made, arrestees have been transported and all on scene witnesses and victims have been

# Hays Police Department
Hays Police Department Policy Manual

## Mobile Video Recorder

interviewed. Recording may cease if an officer is simply waiting for a tow truck or a family member to arrive, or in other similar situations.

### 422.4.3  SURREPTITIOUS RECORDING
No member of this department may surreptitiously record a conversation of any other member of this department except with a court order or when lawfully authorized by the Chief of Police or the authorized designee for the purpose of conducting a criminal or administrative investigation.

### 422.4.4  SUPERVISOR RESPONSIBILITIES
Supervisors should determine if vehicles with non-functioning MVR audio should be placed into service. Vehicles with non-functioning MVR video shall be pulled from service until repaired. In either case, the appropriate documentation should be made.

At reasonable intervals, supervisors should validate that:

    (a)    Beginning and end-of-shift recording procedures are followed.

    (b)    The operation of MVR systems by new members is assessed and reviewed

When an incident arises that requires the immediate retrieval of the recorded media (e.g., serious crime scenes, officer-involved shootings, department-involved traffic accidents), a supervisor shall respond to the scene and ensure that the appropriate person properly retrieves the recorded media. The media may need to be treated as evidence and should be handled in accordance with current evidence procedures for recorded media.

Supervisors may activate the MVR system remotely to monitor a developing situation, such as a chase, riot or an event that may threaten public safety, officer safety or both, when the purpose is to obtain tactical information to assist in managing the event. Supervisors shall not remotely activate the MVR system for the purpose of monitoring the conversations or actions of an officer.

## 422.5  REVIEW OF MVR RECORDINGS
All recording media, recorded images and audio recordings are the property of the Department. Dissemination outside of the Department is strictly prohibited, except to the extent permitted or required by law.

Recordings may be reviewed in any of the following situations:

    (a)    By officers for use when preparing reports or statements

    (b)    By a supervisor investigating a specific act of officer conduct

    (c)    By a supervisor to assess officer performance

    (d)    To assess proper functioning of MVR systems

    (e)    By department detectives who are participating in an official investigation, such as a personnel complaint, administrative inquiry or a criminal investigation

    (f)    By any member upon approval by a supervisor

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

# Hays Police Department
### Hays Police Department Policy Manual

*Mobile Video Recorder*

---

(g) By an officer who is captured on or referenced in the video or audio data, and reviews and uses such data for any purpose relating to his/her employment

(h) By court personnel through proper process or with the permission of the Chief of Police or the authorized designee

(i) By the media through proper process

(j) By a supervisor to assess possible training value

(k) For training purposes. If an involved officer objects to showing a recording, his/her objection will be submitted to the command staff to determine if the training value outweighs the officer's objection.

(l) As may be directed by the Chief of Police or the authorized designee

Members desiring to view any previously uploaded or archived MVR recording should follow the protocol.

In no event shall any recording be used or shown for the purpose of ridiculing or embarrassing any member.

## 422.5.1  REQUESTS TO REVIEW MVR RECORDINGS
Requests to review recordings made by MVR systems shall be processed in accordance with the Records Maintenance and Release Policy (K.S.A. § 45-254).

## 422.6  DOCUMENTING MVR USE
If any incident is recorded with either the video or audio system, the existence of that recording shall be documented in the officer's report.

## 422.7  RECORDING MEDIA STORAGE AND INTEGRITY
Once submitted for storage, all recording media will be labeled and stored in a designated secure area. All recording media that is not tagged as evidence will be retained for a minimum of 90 days and disposed of in accordance with the established records retention schedule.

## 422.7.1  COPIES OF ORIGINAL RECORDING MEDIA
Original recording media shall not be used for any purpose other than for initial review by a supervisor. Upon proper request, a copy of the original recording media will be made for use as authorized in this policy.

Original recording media may only be released in response to a court order or upon approval by the Chief of Police or the authorized designee. In the event that an original recording is released to a court, a copy shall be made and placed in storage until the original is returned.

## 422.7.2  MVR RECORDINGS AS EVIDENCE
Officers who reasonably believe that a MVR recording is likely to contain evidence relevant to a criminal offense or potential claim against the officer or against the Hays Police Department should indicate this in an appropriate report. Officers should ensure relevant recordings are preserved.

---

# Hays Police Department
Hays Police Department Policy Manual

*Mobile Video Recorder*

### 422.8 SYSTEM OPERATIONAL STANDARDS

(a) MVR system vehicle installations should be based on officer safety requirements and the vehicle and device manufacturer's recommendations.

(b) The MVR system should be configured to minimally record for 30 seconds prior to an event.

(c) Officers using digital transmitters that are synchronized to their individual MVRs should activate the MVR when responding in a support capacity. This is to obtain additional perspectives of the incident scene.

(d) Officers shall not erase, alter, modify or tamper with MVR recordings.

### 422.9 MVR TECHNICIAN RESPONSIBILITIES
The MVR technician is responsible for:

(a) Ordering, issuing, retrieving, storing, erasing and duplicating of all recorded media.

(b) Collecting all completed media for oversight and verification of wireless downloaded media. Once collected, the MVR technician:

1. Ensures it is stored in a secure location with authorized controlled access.

(c) Erasing of media:

1. Pursuant to a court order.

2. In accordance with the established records retention schedule.

(d) Managing the long-term storage of media that has been deemed to be of evidentiary value in accordance with the department evidence storage protocols and the established records retention schedule.

### 422.10 TRAINING
All members who are authorized to use the MVR system shall successfully complete an approved course of instruction prior to its use.

Exhibit "2"

# COMPLAINT

Total # of Charges

## UNIFORM NOTICE TO APPEAR AND COMPLAINT

Docket No.

State of Kansas County of: **ELLIS** City of **HAYS** Case No. **23-A701**

In the **MUNICIPAL** court of **HAYS** Kansas the Undersigned complains that

On the **23** day of **October** 20**23** at **7.12** (Time)

Name **Polotz** (Last)

**Hadd** (First)  **A** (Middle)

Address **71002 Old Hwy 183**

City **Alma** State **NE** Zip **68920**

Birthdate **2/12/1984** Race **W** Sex **M** Ht **5/0** Wt.

DL State **NE** No. **65100252** Class **O**

Did Unlawfully in City of Hays **600 Blk Vine**

Did Unlawfully Operate a Yr **602** Make **Toyota** Comm Veh ☐

Year **1614** State **108** License No. **51545A**

And did then and there commit the following:

By ☐ Speeding _____ mph in _____ mph zone ☐ Stationary ☐ Moving

☐ Disobeyed Traffic Signal/Sign ☐ Inattentive Driving ☐ Failure to Yield
☐ No Insurance ☐ No Seat Belt ☐ Wrong Way

| 1 | Sec. No. **30** | ☐ Infraction ☒ Misd. ☒ DUI ☐ Accident |
| Ord. No. **4035** | Description |
| **Driving Under the Influence** |

| 2 | Sec. No. **12** | ☐ Infraction ☒ Misd. ☐ DUI ☐ Accident |
| Ord. No. **4034** | Description |
| **Interference W/ Law Enforcement** |

| 3 | Sec. No. | ☐ Infraction ☐ Misd. ☐ DUI ☐ Accident |
| Ord. No. | Description |

Officer's Signature _____ No **53** Co. **26**

Appear before **MUNICIPAL COURT** at **HAYS, KS**

On **14** day of **November** 20**23** at **8:30** (Time)

I promise to appear in said court at said time and place above for arraignment

X Signature _____

I, the above officer, served a copy of this infraction citation upon the defendant. X

THIS INFORMATION IS RESTRICTED AS TO
USE AND DISSEMINATION. CIVIL AND
CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

Exhibit "3"

FILED

0 4 2 3 2 5

Hays Municipal Court

IN THE MUNICIPAL COURT OF HAYS, KANSAS

CITY OF HAYS,

        Plaintiff,

vs.

                                            Case No.  23-19201

HAROLD POLAK,

          Defendant.

### ORDER OF DISMISSAL

NOW on this 31st day of March, 2025, the above-entitles matter comes on for hearing. The City of Hays appears by Donald F. Hoffman, City Prosecutor for the City of Hays. The Defendant appears by and through his attorney, Gregory A. Schwartz of Schwartz & Park, L.L.P., Hays, Kansas.

THEREUPON, the City of Hays moves to dismiss with prejudice the charges of Driving Under the Influence and Interference with Law Enforcement in this matter, and the Court does hereby dismiss with prejudice the above-entitled matter.

IT IS SO ORDERED.

_____
ROSS J. WICHMAN
Municipal Court Judge

SUBMITTED AND APPROVED BY:

_____
GREGORY A. SCHWARTZ, #19902
Schwartz & Park, L.L.P.
Attorney for Defendant

APPROVED BY:

_____
DONALD F. HOFFMAN, #9502
City Prosecutor

Exhibit "4"

```
RUN DATE 10/23/23                                                    PAGE    1
RUN TIME 1038                      Specimen Inquiry
```

```
Name: Polak,Harold A
Age/Sex: 69/M        Reg:10/23/23  Dis:10/23/23  Atnd Dr: Pfeifer,Aaron M MD
Acct#:V00069655090   Status: DEP ER            Prim Dr: No Primary Care Provider
Location: ER -              Dob: ███████
```

```
Ordered by: Pfeifer,Aaron M MD
COMMENT:
Specimen: 1023:S00003S    COMP    Collected: 10/23/23-0425    Received:  10/23/23-0428
```

| Test | Result | Flag | Reference | | Site |
|------|--------|------|-----------|--|------|
| | | | | Verified | |
| *Toxicology Screen, Urine *HMC** | | | | | |
| Cannabinoids | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Phencyclidine (PCP) | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Cocaine | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Methamphetamines | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Opiates | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Amphetamine/Meth | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Benzodiazepines | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Tricyclic Antidepressants | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Methadone | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Barbiturates | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Oxycodone | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |
| Buprenorphine | NEGATIVE | \| | \| **NEGATIVE** | | |
| | | | *Verified* | *10/23/23* | *0447* |

** CONTINUED ON NEXT PAGE **

RUN DATE 10/23/23                                                    PAGE    2
RUN TIME 1038                          Specimen Inquiry


Patient: Polak,Harold A                    Acct#: V00069655090        (Continued)
Age/Sex: 69/M        Reg: 10/23/23  Dis:10/23/23   Atnd Dr:Pfeifer,Aaron M MD
Status: DEP ER       Location: ER -           Prim Dr:

| Test | Result | Flag | Reference | Site |
|------|--------|------|-----------|------|
| | | | | Verified |

> *THE REFERENCE RANGE FOR ALL DRUG CLASSES IS NEGATIVE.*
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> *THE DETECTION LIMITS FOR THE DRUG CLASSES ARE:*
> *TRICYCLIC ANTIDEPRESSANTS..................... 300 ng/mL*
> *BARBITURATES................................. 200 ng/mL*
> *METHADONE.................................... 200 ng/mL*
> *BENZODIAZEPINE............................... 150 ng/mL*
> *CANNABINOIDS.................................. 50 ng/mL*
> *OPIATES...................................... 100 ng/mL*
> *AMPHETAMINE...................................500 ng/mL*
> *COCAINE METABOLITES.......................... 150 ng/mL*
> *PHENCYCLIDINE................................. 25 ng/mL*
> *METHAMPHETAMINE...............................500 ng/mL*
> *BUPRENORPHINE.................................10 ng/mL*
> *OXYCODONE....................................100 ng/mL*
> *Although methamphetamine and MDMA (Ecstasy) are not*
> *differentiated in this assay, different cut-off levels*
> *are applied to each due to metabolic effects.*
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> *THESE SCREENING RESULTS ARE TO BE USED ONLY FOR MEDICAL*
> *TREATMENT PURPOSES.*

IH - Hays Medical Center 4382800
     Testing Performed by Central Plains Laboratories, dba Quest Diagnostics
                          2220 Canterbury Drive, Hays, KS  67601
        Kurt Rider, MD



                          ** END OF REPORT **

```
RUN DATE 10/23/23                                                        PAGE    1
RUN TIME 1039                        Specimen Inquiry
```

**Name:** Polak,Harold A
**Age/Sex:** 69/M        **Reg:** 10/23/23  **Dis:** 10/23/23    **Atnd Dr:** Pfeifer,Aaron M MD
**Acct#:** V00069655090  **Status:** DEP ER              **Prim Dr:** No Primary Care Provider
**Location:** ER -              **Dob:** ████████

---

**Ordered by:** Pfeifer,Aaron M MD
**COMMENT:**
**Specimen:** 1023:C00092S    COMP    **Collected:** 10/23/23-0355    **Received:** 10/23/23-0409

| Test | Result | Flag | Reference | | Site |
|------|--------|------|-----------|--|------|
| | | | | Verified | |
| Alcohol Level | <= 10 | \| | \| **<=10 mg/dL** | | |
| | | | *Verified* | *10/23/23* | *0430* |
| | *100 mg/dL = 0.100 g% (g/dL)* | | | | |

IH - Hays Medical Center 4382800
    Testing Performed by Central Plains Laboratories, dba Quest Diagnostics
                      2220 Canterbury Drive, Hays, KS   67601
        Kurt Rider, MD

** END OF REPORT **

Exhibit "5"



# Kansas Bureau of Investigation
## Forensic Laboratory Report
### Toxicology Section

Attn: DAKOTA REESE
To: HAYS POLICE DEPARTMENT
HAYS, KS 67601-3648

DATE          January 12, 2024
LAB CASE#   W23-05880
REPORT#     1
Contributing Agency Case #
23-19201

## EVIDENCE DESCRIPTION

Submission # 1 - received on 10/26/2023 from Regular Mail

| Lab Item # | Contributor Item # | Description |
|---|---|---|
| 1 | 01 | Blood sample from Harold A. Polak |

## RESULTS OF TOXICOLOGY EXAMINATION

Examination Start Date:          12/1/2023
Examination Completion Date:    1/12/2024

### Lab Item 1 Drug Screening Results

| Analyte | Result | Method |
|---|---|---|
| Barbiturates | Not detected | ELISA |
| Cannabinoids | Not detected | ELISA |
| Additional compounds | None detected | LC/QTOF-MS |

---

ELISA                    Enzyme-Linked Immunosorbent Assay
LC/QTOF-MS          Liquid Chromatography/Quadrupole Time-of-Flight-Mass Spectrometry

2001 S.W. Washburn Avenue / Topeka, Kansas 66604-3103 / (785) 296-1137 FAX (785) 368-6564



NOTE: Not/None detected results do not meet the acceptance criteria for identification or fall outside the laboratory's scope of reporting. The
Toxicology section's scope of testing and reporting is available online or by request.

Exhibit "6"

**Hays Police Department**
Hays Police Department Policy Manual

# Mobile Video Recorder

### 422.1  PURPOSE AND SCOPE
The Hays Police Department has equipped marked law enforcement vehicles with Mobile Video Recorder (MVR) recording systems to provide records of events and to protect the Department and its members. This policy provides guidance on the use of these systems.

### 422.1.1  DEFINITIONS
Definitions related to this policy include:

**Activate** - Any process that causes the MVR system to transmit or store video or audio data in an active mode.

**In-car camera system and MVR system** - Synonymous terms that refer to any system that captures audio and video signals, that is capable of installation in a vehicle, and that includes at a minimum, a camera, microphone, recorder and monitor (K.S.A. § 45-254).

**MVR technician** - Personnel certified or trained in the operational use and repair of MVRs, duplicating methods, storage and retrieval methods, and who have a working knowledge of evidentiary procedures.

**Recorded media** - Audio/video signals recorded or digitally stored on a storage device or portable media.

### 422.2  POLICY
It is the policy of the Hays Police Department to use mobile video recording technology to more effectively fulfill the mission of the Department and to ensure these systems are used securely and efficiently.

### 422.3  OFFICER RESPONSIBILITIES
Prior to going into service, each officer will properly equip him/herself to record audio and video in the field. Each officer will follow the established procedures for providing to the Department any recordings or used media and any other related equipment. Each officer should have adequate recording media for the entire duty assignment. In the event an officer works at a remote location and reports in only periodically, additional recording media may be issued.

At the start of each shift, officers should test the MVR system's operation in accordance with manufacturer specifications and department operating procedures and training.

If the system is malfunctioning, the officer shall take the vehicle out of service unless a supervisor requests the vehicle remain in service.

### 422.4  ACTIVATION OF THE MVR
The MVR system is designed to turn on whenever the vehicle's emergency lights are activated. The system remains on until it is turned off manually.

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

*I got This from Gregg Schwartz*

## Hays Police Department
Hays Police Department Policy Manual

*Mobile Video Recorder*

### 422.4.1  REQUIRED ACTIVATION OF THE MVR
This policy is not intended to describe every possible situation in which the MVR system may be used, although there are many situations where its use is appropriate. An officer may activate the system any time the officer believes it would be appropriate or valuable to document an incident.

In some circumstances it is not possible to capture images of the incident due to conditions or the location of the MVR. The MVR system should be activated in any of the following situations:

(a)   All field contacts involving actual or potential criminal conduct within video range:

    1.   Traffic stops (including, but not limited to, traffic violations, stranded motorist assistance and all crime interdiction stops)

    2.   Priority responses

    3.   Vehicle pursuits

    4.   Suspicious vehicles

    5.   Arrests

    6.   Vehicle searches

    7.   Physical or verbal confrontations or use of force

    8.   Pedestrian checks

    9.   Driving while under the influence (DUI) investigations, including field sobriety tests

    10.   Consensual encounters

    11.   Crimes in progress

(b)   Any call for service involving a crime where the recorder may aid in the apprehension and/or prosecution of a suspect including:

    1.   Domestic violence

    2.   Disturbance of the peace

    3.   Offenses involving violence or weapons

(c)   Any other contact that becomes adversarial after the initial contact, in a situation that would not otherwise require recording

(d)   Any other circumstance where the officer believes that a recording of an incident would be appropriate

Activation of the MVR system is not required when exchanging information with other officers or during breaks, lunch periods, when not in service or actively on patrol.

### 422.4.2  CESSATION OF RECORDING
Once activated, the MVR system should remain on until the incident has concluded. For the purpose of this section, conclusion of an incident has occurred when all on scene arrests have been made, arrestees have been transported and all on scene witnesses and victims have been

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

## Hays Police Department
Hays Police Department Policy Manual

*Mobile Video Recorder*

interviewed. Recording may cease if an officer is simply waiting for a tow truck or a family member to arrive, or in other similar situations.

### 422.4.3  SURREPTITIOUS RECORDING
No member of this department may surreptitiously record a conversation of any other member of this department except with a court order or when lawfully authorized by the Chief of Police or the authorized designee for the purpose of conducting a criminal or administrative investigation.

### 422.4.4  SUPERVISOR RESPONSIBILITIES
Supervisors should determine if vehicles with non-functioning MVR audio should be placed into service. Vehicles with non-functioning MVR video shall be pulled from service until repaired. In either case, the appropriate documentation should be made.

At reasonable intervals, supervisors should validate that:

    (a)    Beginning and end-of-shift recording procedures are followed.

    (b)    The operation of MVR systems by new members is assessed and reviewed

When an incident arises that requires the immediate retrieval of the recorded media (e.g., serious crime scenes, officer-involved shootings, department-involved traffic accidents), a supervisor shall respond to the scene and ensure that the appropriate person properly retrieves the recorded media. The media may need to be treated as evidence and should be handled in accordance with current evidence procedures for recorded media.

Supervisors may activate the MVR system remotely to monitor a developing situation, such as a chase, riot or an event that may threaten public safety, officer safety or both, when the purpose is to obtain tactical information to assist in managing the event. Supervisors shall not remotely activate the MVR system for the purpose of monitoring the conversations or actions of an officer.

### 422.5  REVIEW OF MVR RECORDINGS
All recording media, recorded images and audio recordings are the property of the Department. Dissemination outside of the Department is strictly prohibited, except to the extent permitted or required by law.

Recordings may be reviewed in any of the following situations:

    (a)    By officers for use when preparing reports or statements

    (b)    By a supervisor investigating a specific act of officer conduct

    (c)    By a supervisor to assess officer performance

    (d)    To assess proper functioning of MVR systems

    (e)    By department detectives who are participating in an official investigation, such as a personnel complaint, administrative inquiry or a criminal investigation

    (f)    By any member upon approval by a supervisor

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

# Hays Police Department
### Hays Police Department Policy Manual

*Mobile Video Recorder*

---

(g)   By an officer who is captured on or referenced in the video or audio data, and reviews and uses such data for any purpose relating to his/her employment

(h)   By court personnel through proper process or with the permission of the Chief of Police or the authorized designee

(i)   By the media through proper process

(j)   By a supervisor to assess possible training value

(k)   For training purposes. If an involved officer objects to showing a recording, his/her objection will be submitted to the command staff to determine if the training value outweighs the officer's objection.

(l)   As may be directed by the Chief of Police or the authorized designee

Members desiring to view any previously uploaded or archived MVR recording should follow the protocol.

In no event shall any recording be used or shown for the purpose of ridiculing or embarrassing any member.

### 422.5.1   REQUESTS TO REVIEW MVR RECORDINGS
Requests to review recordings made by MVR systems shall be processed in accordance with the Records Maintenance and Release Policy (K.S.A. § 45-254).

### 422.6   DOCUMENTING MVR USE
If any incident is recorded with either the video or audio system, the existence of that recording shall be documented in the officer's report.

### 422.7   RECORDING MEDIA STORAGE AND INTEGRITY
Once submitted for storage, all recording media will be labeled and stored in a designated secure area. All recording media that is not tagged as evidence will be retained for a minimum of 90 days and disposed of in accordance with the established records retention schedule.

### 422.7.1   COPIES OF ORIGINAL RECORDING MEDIA
Original recording media shall not be used for any purpose other than for initial review by a supervisor. Upon proper request, a copy of the original recording media will be made for use as authorized in this policy.

Original recording media may only be released in response to a court order or upon approval by the Chief of Police or the authorized designee. In the event that an original recording is released to a court, a copy shall be made and placed in storage until the original is returned.

### 422.7.2   MVR RECORDINGS AS EVIDENCE
Officers who reasonably believe that a MVR recording is likely to contain evidence relevant to a criminal offense or potential claim against the officer or against the Hays Police Department should indicate this in an appropriate report. Officers should ensure relevant recordings are preserved.

---

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

## Hays Police Department
### Hays Police Department Policy Manual

*Mobile Video Recorder*

**422.8   SYSTEM OPERATIONAL STANDARDS**

(a)   MVR system vehicle installations should be based on officer safety requirements and the vehicle and device manufacturer's recommendations.

(b)   The MVR system should be configured to minimally record for 30 seconds prior to an event.

(c)   Officers using digital transmitters that are synchronized to their individual MVRs should activate the MVR when responding in a support capacity. This is to obtain additional perspectives of the incident scene.

(d)   Officers shall not erase, alter, modify or tamper with MVR recordings.

**422.9   MVR TECHNICIAN RESPONSIBILITIES**
The MVR technician is responsible for:

(a)   Ordering, issuing, retrieving, storing, erasing and duplicating of all recorded media.

(b)   Collecting all completed media for oversight and verification of wireless downloaded media. Once collected, the MVR technician:

　　1.   Ensures it is stored in a secure location with authorized controlled access.

(c)   Erasing of media:

　　1.   Pursuant to a court order.

　　2.   In accordance with the established records retention schedule.

(d)   Managing the long-term storage of media that has been deemed to be of evidentiary value in accordance with the department evidence storage protocols and the established records retention schedule.

**422.10   TRAINING**
All members who are authorized to use the MVR system shall successfully complete an approved course of instruction prior to its use.

Copyright Lexipol, LLC 2023/02/21, All Rights Reserved.
Published with permission by Hays Police Department

Mobile Video Recorder - 5

# Exhibit "7"



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| General Information | | |
|---|---|---|
| **Case Number:** | 2023-00019201 | **Reporting Officer:** | 531 - Reese, Dakota |
| **Occurred Location:** | 606 VINE ST, HAYS, KS 67601 | **Reported Date:** | 10/23/2023 02:12 |
| | | **Incident Type:** | DUI |
| **Status:** | Closed | **Occurred From:** | 10/23/2023 02:12 |
| **Status Date:** | 10/27/2023 | **Occurred Through:** | 10/23/2023 02:12 |
| **Disposition:** | Arrest – Custody - Adult | **Exceptional Clearance:** | |
| **Disposition Date:** | 10/23/2023 | **Exceptional Clearance Date:** | |
| **Scene Processed By:** | | **Significant Event** | |
| **Campus Code:** | | **County:** | EL |

| Narratives | | |
|---|---|---|
| **Name:** Driving Under the Influence/Interference | **Author:** 531 - Reese, Dakota | **Supervisor:** 530 - Hauptman, Brandon | **Date Created:** 10/23/2023 06:47 |

**Description:**

Arrested: Harold Polak

DUI 1st, Interference

Evidence:

Patrol Audio 23-19201a, 19201f Reese

WatchGuard: Unti 166

On October 23, 2023 at 0212 hours, I was on patrol in the area of 8th and Vine street. As I turned north from 8th Street, to go onto into the 800 blk Vine Street, I observed a dark color Toyota pickup pulling a camper, going north on Vine in approximately the 500 blk Vine Street. As I came through the intersection the truck turned into the private drive for Dollar General 606 Vine Street. I knew that Dollar General was closed and thought the driver might have turned off the street to avoid being seen by me. I turned around in the 800 blk Vine and drove past Dollar General to watch the drivers movements. The Toyota pickup had turned around in the parking lot and was now headed back out the entrance onto Vine, where they had pulled into. This confirmed my suspicion that the driver had no business at the store and had only turned off to avoid being seen by me. The driver stopped in the entrance to Dollar General, prior to pulling out onto the roadway. I turned around and sat at JDR paint, 602 Vine Street to watch the driver further. From where I was sitting, I could see the driver moving back and forth, looking over at my patrol car. After approximately a minute, the driver shut off the lights to his truck, indicating to me that he wasn't going anywhere while I was around. I drove into the Dollar General parking lot and pulled

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

behind the RV to made contact with the driver.

I approached the driver side of the truck, a green Toyota Tundra (NE: 513 45A). I ran the tag on the truck (NE: 51156) as I approached. As I made it to the driver side of the window was up and I shinned my light in to view the occupants. The driver, later identified by his Nebraska drivers license as Harold Polak was upset that I was shining my flashlight in his truck. Polak rolled down his window, and I identified myself to him. I asked Polak what brought him to the parking lot. Polak was quick to get agitated and stated he was looking for a place to park. I explained to Polak that it appeared he was trying to avoid me. Polak told me that he didn't like law enforcement and that I had no reason to talk to him. I explained what I had observe to Polak, and why I had a reason to contact him. Polak argued, stating that I was just harassing him. As Polka talked to me, I noticed his eyes were constricted and didn't respond to my flashlight being near him or not. Polak could not sit still and thrashed his body back and forth. Polak told me he had been driving for 14 hours and had come from Texas. Polak didn't show any indicators that he was tired from driving all, rather he was very alert.

Polak stated he had been drinking caffeine all day, but as someone who frequently takes caffeine, I didn't believe Polak had only consumed caffeine, rather I believed he had taken a stimulant. I could see Polak's phone screen was open, and he had his GPS on. Polak's GPS showed he was planning to continue to go north on Vine, rather than turning off. I asked Polak for his driver's license. Polak originally refused to give it to me, stating that I didn't have a request it. As I again explained my lawful reason to Polak he stated he would give me his license. Polak frantically reached in his back pocket for his license and handed it to me. As I read Polak's drivers license to dispatch Officer Lantz, and Officer Kelly arrived on scene to assist. Polak opened his door, as I tried to hold it shut. Since Officer Lantz and Officer Kelly had arrived on scene, I decided this would be a good time to ask Polak to perform testing. I instructed Polak to exit the truck and told him I would have him perform field sobriety tests to make sure he was safe to drive. Polak was resistive at this point, and I had to turn him towards the truck. I asked Polak if he had weapons on his person. Polak told me he had a knife on him and proceeded to try to reach into his pockets. I told Polak to stop and face the truck, pushing him up against the driver side of his truck. As I brought Polak's arms behind him Officer Lanta and Officer Kelly ran up to assist.

Once I got Polak's hands behind his back I retrieved a pocketknife from his right front pocket. I asked Polak if he would be willing to perform field sobriety tests. Polak stated he wouldn't as he had issues walking. I told Polak that he was under arrest, and went to place him in handcuffs. Polak pulled his arm away and tried to turn around. Officer Kelly and I pushed Polak up against his truck and pulled his arms behind him. Officer Lantz drew his Taser and told Polak he would tase him if he didn't comply. I placed Polak in handcuffs and took him to my patrol car.

Polak had a dog with him in his truck, which Officer Lantz took possession of. I asked Polak what he would want done with his truck. Polak stated he didn't want it towed but didn't give me any other instructions on what he wanted when I told him I couldn't leave in the parking lot. The tags I had ran dispatch advised were expired. I asked Officer Lantz to complete an inventory on the truck and have it towed. Dispatch later advised Polak's tags were current but Nebraska's records had been down when I requested the return. Prior to me transporting Polak I searched the immediate area around Polak's driver seat for indicators so his impairment. I found two pill bottles without labels containing an assortment of pills. I seized these bottles at the time until I could identify the pills. Later I determined all of the pills were over the counter medication.

Officer Lantz stayed on scene with Officer Kelly, where they completed an inventory of Polak's vehicle and had it towed by five Star.

I transported Polak to the Ellis County Jail, where I brough him into the DUI observation lane. Polak's mannerisms were still very sudden, and sporadic to the point he could not stand or sit still. I provided Polak with his DC-70 and asked him if he would be willing to submit to the blood test. Polak

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

Print Date/Time: 11/13/2023 15:21

agreed and was adamant that he get his own test as well.

I had dispatch contact Hays Med for a blood draw. Phlebotomist Crysal Kuhn responded to the LEC and withdrew a sample of blood from Polak's left arm at 0258 hours.

I retrieved Polak's criminal history and met with him in the jail again. I confirmed with Polak that he wanted to get a second test and told him that he would be paying for the test. Polak stated he wanted the test. Prior to leaving with Polak I retrieved his Medicare Insurance card and took a photo of it.

I transported Polak to Hays Medical Center, where he provided a blood sample and eventually a urine sample. Officer Bieker took custody of Polak while I went to the LEC to complete Polak's paperwork.

I checked Polak's criminal history. Polak had a prior DUI on September 9, 2017, in Nebraska, jurisdiction NB0310000 Sheriff's office. The charge was plead down to reckless driving.

Once Polak was returned to the Ellis County Jail I presented him with his citations for driving under the influence 1st, and interference with law Enforcment. Polak was given a court date for November 14, 2023, and he signed his citations for me.

I mailed Polak's blood sample off to the KBI for testing.

NFA/DR

Cpl. Reese #S31

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)

Exhibit "8"



# Case Report
## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| Name: DUI/Interference | Author: 535 - Lantz, Joseph | Supervisor: 530 - Hauptman, Brandon | Date Created: 10/24/2023 22:40 |
|---|---|---|---|

**Description:**

Suspect:

Harold Polak

Evidence:

Unit 183 Watchguard

DR Lantz 23-19201

Vehicle Inventory Sheet

On October 23rd, 2023, at 0217 hours, Ofc. Kelly and I arrived on scene of a suspicious vehicle incident that Cpl. Reese was working. As I stepped out of my patrol car and approached the truck and attached camper, I hear what I believed was a heated argument between Cpl. Reese and the driver of the vehicle, Harold Polak (DOB 02/12/1954).

I hurried over to Cpl. Reese, who pushed Polak up against Polak's truck. I grabbed on to one of Polak's arms, but I don't know which one. I held the arm behind Polak's back. Cpl. Reese asked Polak if he was willing to submit to 5FSTs, to which Polak stated he would not. Polak tried to pull his arms away from officer and turn towards the left. Ofc. Kelly grabbed onto Polak's left side, while Cpl. Reese grabbed onto Polak's right side. I took the opportunity to take a step back, draw my taser, turn my taser on, and press it up against at Polak's lower to mid back. I told Polak that he would get tased if he did not comply. Cpl. Reese and Ofc. Kelly escorted Polak to Cpl. Reese's patrol car and placed him inside.

Ofc. Kelly and I collected Polak's dog, which was a black medium sized dog. We placed the dog in the cage on my patrol car. Cpl. Reese directed me to have the vehicle towed. Ofc. Kelly and I conducted a vehicle inventory of the truck, but only checked the camper to make sure it was empty. Five-star came to the scene and towed the truck and the attached camper. Ofc. Kelly and I took the dog to the LEC. At the LEC, I put the dog in a kennel in the east bay and gave it water. I placed the vehicle inventory sheet on Cpl. Reese's desk.

NFA

Ofc. Joseph Lantz IV S35

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

Exhibit "9"



# Case Report

## Detail



**Agency:** Hays Police Department
**Agency #:** KS0260100

**Print Date/Time:** 11/13/2023 15:21

| | | | |
|---|---|---|---|
| **Name:** DUI | **Author:** 532 - Kelly, Patrick | **Supervisor:** 530 - Hauptman, Brandon | **Date Created:** 10/25/2023 22:39 |

**Description:**

On 10/23/2023 at 0217 hours, Officer Lantz and I assisted Corporal Reese on a suspicious vehicle incident. Upon arrival Corporal Reese had the suspect exiting the vehicle. The suspect was Harold Polak, born on 2/12/1954. I exited the vehicle and heard Corporal Reese telling Polak to face the vehicle. Polak appeared hostile toward Corporal Reese yelling at him. I came around the front of the car to assist. At this point Polak was facing the vehicle. Corporal Reese was telling Polak to face the vehicle. Polak was moving his body frantically. Polak then began to try to free his hands from Corporal Reese. I stepped from the left side of Polak putting my right hand on Polak's back to keep him distanced from Corporal Reese and myself. Polak's left hand was pressed against the vehicle, I took my right hand and grabbed Polak's left wrist. I then took my left forearm and placed it in front of Polak's left elbow. I pulled Polak's hand and placed it behind his back for Corporal Reese to handcuff him. I then assisted Corporal Reese in walking Polak to the patrol car. When we got to the patrol car Corporal Reese began to search Polak. Polak began to move his body around frantically. I held Polak with my right hand in his left bicep to keep him from attempting to harm Corporal Reese. Corporal Reese and I placed Polak into Corporal Reese's vehicle.


Polak had a black dog that was medium sized. I assisted Officer Lantz to get it in our patrol vehicle. Officer Lantz and I then took inventory of Polak's vehicle since it needed to be towed. We recorded the items in the truck, and only searched the trailer to confirm there were not people inside the vehicle. Five star towed the vehicle away. Officer Lantz and I transported the dog to the East Bay of the LEC and placed it in a Kennel.


NFA

Patrick Kelly 532

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT
11-13-2023 Page 5 of 5
(date)

Exhibit "10"

# HAYS POLICE DEPARTMENT
## Alcohol/Drug Influence Report

Case No. _23-1201_
Date _10/28/2023_
DL No./St. _G51007252_

| NAME: LAST | FIRST | MIDDLE | DATE OF BIRTH |
|---|---|---|---|
| Polak | Harold | A | 2/12/1984 |

## REASON FOR STOP

On _October 23, 2023_, at approximately _2:12_, on/at: _600 Blk Vine Street_, I observed a vehicle doing the following:

_____ Turning with a wide radius
_____ Straddling center or lane marker
_____ Appearing to be drunk
_____ Almost striking an object
_____ Weaving
_____ Driving on other than the roadway
_____ Traffic Violation(s):_____

_____ Swerving
_____ Slow speed (more than 10 below)
_____ Stopping without cause in a lane
_____ Following too closely
_____ Drifting
_____ Tires on center or lane marker
_____ Braking erratically

_____ Driving into opposing traffic
_____ Signaling inconsistent with actions
_____ Slow response to traffic signals
_____ Stopping inappropriately
_____ Turning abruptly or illegally
_____ Accelerating or decelerating rapidly
_____ Headlights off

OTHER: _Consentual Contact - Suspicious Vehicle._

## SUBJECT OBSERVATIONS

| | | |
|---|---|---|
| Reaction time to emergency equipment? | | |
| Stopped vehicle properly? | ☐ Yes ☐ No ☒ Other: | Contacted in parking lot |
| Fumbled getting license? | ☐ Yes ☐ No ☒ Other: | Quickly reached for Directed to pull out |
| Unsteady exiting vehicle? | ☐ Yes ☐ No ☒ Other: | Got out prior to being instructed wallet |
| Alcohol in vehicle? | ☐ Yes ☒ No ☐ Other: | |
| Drugs in vehicle? | ☐ Yes ☐ No ☒ Other: | Was the owner |
| BREATH: | Odor of alcoholic beverage ☒ None ☐ Faint ☐ Moderate ☐ Strong ☐ Other: |
| SPEECH: | ☐ Good ☐ Fair ☐ Mumbled ☐ Slurred ☒ Profanity ☐ Soft ☒ Loud ☐ Other: |
| EYES: | ☐ Bloodshot ☐ Watery ☐ Glazed ☐ Droopy ☐ Normal ☒ Other: _Unresponsive to right_ |
| ATTITUDE: | ☐ Polite ☒ Excited ☒ Talkative ☐ Carefree ☐ Sleepy ☐ Abusive ☐ Other: ☐ Cooperative ☐ Indifferent ☒ Antagonistic ☐ Cocky ☒ Combative ☒ Insulting |
| CLOTHING: | (Describe) _T-Shirt Grey pants_ ☐ Stained ☐ Dirty ☐ Wet ☐ Unbuttoned ☐ Unzipped ☐ Other: |
| UNUSUAL ACTIONS: | ☐ Laughing ☐ Crying ☐ Hiccupping ☐ Belching ☐ Vomiting ☐ Medical Issue |
| COMMENTS: | |

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

HPD 102 Rev. 04-28-15

_11-13-2023_
(date)

Exhibit "11"

# FIELD SOBRIETY TESTS

## WALK AND TURN

### TEST

1. **LOSES BALANCE DURING INSTRUCTIONS.** (Does not maintain heel-to-toe position throughout the instructions.)

2. **STARTS BEFORE INSTRUCTIONS ARE FINISHED.** (Does not wait until you tell him to begin as per the instructions.)

|  | FIRST NINE STEPS | SECOND NINE STEPS |
|---|---|---|

3. **STOPS WHILE WALKING.** (Pauses for several seconds after a step.)

4. **DOESN'T TOUCH HEEL-TO-TOE.** (Leaves 1/2 inch or more between heel and toe on any step.)

5. **STEPS OFF THE LINE.** (Subject steps so that one foot is entirely off of the line.)

6. **USES ARMS TO BALANCE.** (Raises one or both arms 6 or more inches from sides in order to maintain balance.)

7. **IMPROPER TURN.** (Removes the pivot foot from the line while turning.)

8. **INCORRECT NUMBER OF STEPS.** (Takes more or less than 9 steps in each direction. Don't count this item because he has trouble counting.)

|  |
|---|
| TOTAL |

COMMENTS: _____ *released all testi...* _____

### TEST

| | 0 to 10 SECS | 11 to 20 SECS | 21 to 30 SECS |
|---|---|---|---|
| 1. **SWAYS WHILE BALANCING.** (Side-to-side or back-and-forth motion while maintaining the one leg stand position.) | | | |
| 2. **USES ARMS TO BALANCE** (Moves arms 6 or more inches from side to maintain balance in the one leg stand position.) | | | |
| 3. **HOPPING** (Able to keep one foot off the ground, but resorts to hopping to maintain balance.) | | | |
| 4. **PUTS FOOT DOWN** (Not able to maintain the one leg stand position. Putting foot down 1 or more times during 30 sec.) | | | |
| | TOTAL | | |

...ORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

COMMENTS: _____

2

11-13-2003
(date)

| **TESTING SURFACE** | **SURFACE CONDITION** | **ROADWAY SURFACE** |
|---|---|---|
| _____ BLACKTOP | ✗ DRY | _____ BLACKTOP |
| ✗ CONCRETE | _____ WET | ✗ CONCRETE |
| _____ GRAVEL | _____ SNOW | _____ GRAVEL |
| _____ SAND/DIRT | _____ ICE | _____ SAND/DIRT |
| _____ OTHER_____ | _____ OTHER_____ | _____ OTHER_____ |

| **FOOTWEAR** | **PHYSICAL PROBLEMS** | **WEATHER** |
|---|---|---|
| _____ SHOES/BOOTS | _____ LEFT/RIGHT HIP | ✗ CLEAR/CLOUDY |
| (T-SHOES/SANDALS | _____ LEFT/RIGHT KNEE | _____ RAIN/FOG |
| _____ HIGH/LOW HEELS | _____ LEFT/RIGHT ANKLE | _____ SNOW/SLEET |
| _____ BAREFOOT | _____ LEFT/RIGHT FOOT | _____ WINDY/CALM |
| _____ OTHER_____ | ✗ OTHER Complained | _____ OTHER_____ |
| | _____ NONE  of leg pain later | |

COMMENTS: _____

# HORIZONTAL GAZE NYSTAGMUS    VERTICAL GAZE NYSTAGMUS

NOTE: Does subject wear contacts?    ☐ YES   ☐ NO          VGN   ☐ YES   ☐ NO

**TEST**

| | LEFT | RIGHT |
|---|---|---|
| 1. EYE PURSUES SMOOTHLY. (Be sure jerkiness was not due to your moving the object in a jerky manner.) | | |
| 2. DISTINCT NYSTAGMUS AT MAXIMUM DEVIATION. (Do not mark unless some of the white is visible on both sides of iris.) | | |
| 3. NYSTAGMUS ONSET BEFORE 45 DEGREES. (Do not mark if you only see faint jerking that occurs at the onset point. | | |
| | **TOTAL** | |

COMMENTS OR ADDITIONAL NOTES: _____

PBT: Model_____ Ser.#_____ Results:_____

**SUSPECT ARRESTED:** Date 10/23/23 _____ Time 21 8

DC - 70/IMPLIED CONSENT GIVEN?   (YES)          NO

DC - 27 Served:_____Date_____Time_____Location_____

Convergence
Right Eye   Left Eye

Romberg Balance

# CHEMICAL TEST INFORMATION

Do you have anything in your mouth?   ☐ YES   ☐ NO      Visually inspected?  ☐ YES   ☐ NO

Type of test offered: ✗ Blood ☐ Breath ☐ Urine ☐ Refused   Observation Time Started: _____

Test sample taken by: HMC _____ Date 10/23/23 Time 0758

Location of test: 15 w 17th _____ Witnessed by Gil Koese

If breath was offered, indicate which test(s): _____

**TEST RESULTS:** _____ grams of alcohol per 100 milliliters of blood or 210 liters of breath

If test used was Blood, Breath or Urine, Test Analyzed by:_____ Agency: _____

Date _____ Time _____  If the test was Urine, did test(s) indicate any drugs present? ☐ YES ☐ NO

HPD

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE

HAYS POLICE DEPARTMENT

11-13-2023
(date)

Exhibit "12"

# PERSONAL INTERVIEW

## MIRANDA WARNING

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court of law.

3. You have the right to talk to a lawyer and have him present with you while you are being questioned.

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.

5. You can decide at any time to exercise these rights and not answer any questions or make any statements.

## WAIVER

1. Do you understand each of these rights I have explained to you?
☐ YES   ☐ NO   ☐ No Response   ☐ Refer to Comments

2. Having these rights in mind, are you willing to talk to me now?
☐ YES   ☐ NO   ☐ No Response   ☐ Refer to Comments

Signature X_____   Time:_____

---

NA = Not Applicable          NR = No Response          RC = Refer to Comments
RS = Refer to Supplemental Report          DA = Did Not Ask

---

1. Were you operating a vehicle?_____ 2. Where were you going?_____

3. Where were you coming from?_____ 4. What road were you on?_____

5. What direction were you going?_____ 6. Without looking, what is the date and time now?_____ (actual) _____ 7. Have you been drinking or taking drugs?_____

8. What?_____ 9. How much?_____

10. Where?_____ 11. What time did you start?_____

12. What time did you stop?_____ 13. Do you feel that you are under the influence now?_____

14. Do you feel that you can operate a vehicle safely?_____ 15. Have you been involved in an accident today?_____

16. Have you been drinking or taking drugs since the accident?_____ 17. Are you injured or ill?_____

18. What are your injuries or illness?_____ 19. Have you been to see a doctor or dentist recently?_____ 20. When?_____ 21. Why?_____

22. Do you take any prescription medicine?_____ 23. What?_____

24. Are you a diabetic?_____ 25. Do you take insulin?_____ 26. Last dose?_____

27. Are you an epileptic?_____ 28. Do you wear false teeth?_____ 29. When did you last sleep?_____ 30. How many hours?_____ 31. When did you last eat?_____

COMMENTS OR ADDITIONAL NOTES: _____

_____

_____

_____

## CHARGES

1. Operating a motor vehicle while under the influence of alcohol and/or drugs     DATE: 10/23/2023

2. _Intoxilence_     4. _____

3. _____     5. _____

Officer preparing report: _DaVota ReSe_     _Dothan_

Printed                    Signature

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
HPD
11-13-2023
(date)

4

Exhibit "13"

SSI
23-19201

## TESTING NOTICES – BLOOD OR URINE

1. If you **refuse** to submit to and complete the test or tests, your driving privileges will be suspended for a period of one year.

2. If you **fail** a test, your driving privileges will be suspended for a period of either 30 days or one year.

3. The results of the testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

4. After the completion of the testing, you may request and have the right to consult with an attorney and may secure additional testing.

### UNDER 21 NOTICES
If the person is **UNDER 21**, read the additional notices below:

1. It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater.

2. If you are less than 21 years of age at the time of the test request and submit to and complete the test or tests and the test results show an alcohol concentration of .02 or greater, but less than .08, on your first occurrence, your driving privileges will be suspended for 30 days and on your second or subsequent occurrence, your driving privileges shall be suspended for one year.

### CDL NOTICES
If the person has been driving a **COMMERCIAL MOTOR VEHICLE**, read additional notice below:

1. Whenever a law enforcement officer has reasonable grounds to believe a person has been driving a commercial motor vehicle while having alcohol or other drugs in such person's system and the person refuses to submit to and complete a test or tests requested by a law enforcement officer or submits to and completes a test requested by a law enforcement officer which determines that the person's alcohol concentration is .04 or greater, the person will be disqualified from driving a commercial motor vehicle for at least one year, pursuant to Kansas law.

**OFFICER INSTRUCTIONS:** All tests are to be administered at the direction of a law enforcement officer and the law enforcement officer shall determine which type of test or tests to request. Keep a completed copy of this document for your file.

- **PROVIDE A COPY OF THIS FORM TO THE PERSON.**
- **READ ALL APPLICABLE NOTICES.**
- **REQUEST THAT THE PERSON SUBMIT TO A TEST OR TESTS.**

WILL YOU TAKE A: ☒ BLOOD TEST  ☐ URINE TEST

RESPONSE: ☒ Yes ☐ No

Harold Polak
Name of Licensee

10/23/2023
Date

Cpl. ReSe #81
Officer Administering Testing

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

DC-70 (Rev. 07/19)

# Exhibit "14"

## TESTING NOTICES – BREATH OR OTHER BODILY SUBSTANCE
## (NOT BLOOD OR URINE)

1.  You have no right to consult with an attorney regarding whether to submit to testing, but, after the completion of the testing, you may request and have the right to consult with an attorney and may secure additional testing.

2.  If you **refuse** to submit to and complete the test or tests, your driving privileges will be suspended for a period of one year.

3.  If you **fail** a test, your driving privileges will be suspended for a period of either 30 days or one year.

4.  Refusal to submit to testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

5.  The results of the testing may be used against you at any trial or hearing on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

### UNDER 21 NOTICES
If the person is **UNDER 21**, read the additional notices below:

1.  It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater.

2.  If you are less than 21 years of age at the time of the test request and submit to and complete the test or tests and the test results show an alcohol concentration of .02 or greater, but less than .08, on your first occurrence, your driving privileges will be suspended for 30 days and on your second or subsequent occurrence, your driving privileges shall be suspended for one year.

### CDL NOTICES
If the person has been driving a **COMMERCIAL MOTOR VEHICLE,** read additional notice below:

1.  Whenever a law enforcement officer has reasonable grounds to believe a person has been driving a commercial motor vehicle while having alcohol or other drugs in such person's system and the person refuses to submit to and complete a test or tests requested by a law enforcement officer or submits to and completes a test requested by a law enforcement officer which determines that the person's alcohol concentration is .04 or greater, the person will be disqualified from driving a commercial motor vehicle for at least one year, pursuant to Kansas law.

**OFFICER INSTRUCTIONS: All tests are to be administered at the direction of a law enforcement officer and the law enforcement officer shall determine which type of test or tests to request. Keep a completed copy of this document for your file.**

- **PROVIDE A COPY OF THIS FORM TO THE PERSON.**
- **READ ALL APPLICABLE NOTICES.**
- **REQUEST THAT THE PERSON SUBMIT TO A TEST OR TESTS.**

**WILL YOU TAKE A:** ☐ **BREATH TEST** ☐ **OTHER BODILY SUBSTANCE TEST (NOT BLOOD OR URINE)**

**RESPONSE:** ☐ **Yes** ☐ **No**

Name of Licensee _____

Date _____

DC-70 (Rev. 07/19)

Officer Administering Testing _____

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT

11-13-2023
(date)

Exhibit "15"

# CONSENT TO SEARCH

I _____ do hearby voluntarily grant my consent to _____

Rank, Name, Radio #

A member of the Hays Police Department, To search the following:  ☐ Vehicle and Contents  ☐ Residence  ☐ Business

Located _____

I UNDERSTAND THAT I HAVE THE RIGHT TO REFUSE TO CONSENT TO THE SEARCH DESCRIBED AND TO REFUSE TO SIGN THIS FORM. I FURTHER STATE THAT NO PROMISES, THREATS, FORCE OR PHYSICAL OR MENTAL COERCION OF ANY MANNER HAVE BEEN USED TO OBTAIN MY CONSENT DESCRIBED ABOVE OR TO SIGN THIS FORM. I FURTHER UNDERSTAND THAT I HAVE THE RIGHT TO WITHDRAW, LIMIT OR REVOKE MY CONSENT AT ANY TIME.

SIGNATURE _____ DATE _____ TIME _____

TIME SEARCH BEGAN ~0252  TIME SEARCH ENDED 0245"  WITNESS Ofc Kelly

| | VEHICLE | | | | | | |
|---|---|---|---|---|---|---|---|
| | MAKE _____ MODEL _____ YEAR _____ STYLE _____ COLOR _____ MILEAGE _____ | | | | | | |
| | LICENSE NO. _____ YEAR _____ STATE _____ ID# _____ | | | | | | |
| | TOWED BY _____ TO _____ | | | | | | |
| | REG OWNER/ _____ ADDRESS/ _____ | | | | | | |
| | OWNER NOTIFIED  YES/NO  BY WHOM _____ | | | | | | |
| | DATE ABANDONED VEHICLE STICKER APPLIED _____ DATE TOWED _____ | | | | | | |
| | CONDITION _____ | | | | | | |

| INTERIOR | TRUNK | GLOVE COMPARTMENT |
|---|---|---|
| CDs | Cooler | Car Manual |
| Mue trash | Wheelchair | |
| Drinks | Broom | |
| Cigarettes | Table | |
| Mise Car Care supplies | | |
| Thermometer | | |
| Metal Detector | | |
| Cane | | |
| Phone | | |
| Phone Charger | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

INVENTORY OFFICERS SIGNATURE

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE. HAYS POLICE DEPARTMENT
11-13-2023
(date)

Exhibit "16"

# Hays Police Department
## Combined Narrative/Consent to Search/Vehicle Inventory

**TYPE OF REPORT**

☐ Consent to Search
☒ Tow Storage/Inventory
☐ Narrative

Page ___1___ of ___2___

Case # 23 – 19201

Offense DUI

Date of Report 10/23/23

| Name | Polak | Harold | A | D.O.B. |
|------|-------|--------|---|--------|
| | Last | First | MI | |

| Date of Occurrence | Time | Location |
|---|---|---|
| 10/23/23 | 0212 | Dollar General, 606 Vine St. |

| Reporting Officer | Radio # | Additional Officers |
|---|---|---|
| Lantz 5 | 535 | Reese 531, Kelly 532 |

| Passenger | Address | D.O.B. |
|---|---|---|
| | | |
| | | |
| | | |

## NARRATIVE

Polak arrested for DUI and Interference. Vehicle towed due to blocking business entrance

THIS INFORMATION IS RESTRICTED AS TO USE AND DISSEMINATION. CIVIL AND CRIMINAL PENALTIES EXIST FOR MISUSE.
HAYS POLICE DEPARTMENT
11-13-2023
(date)

Exhibit "17"

ELECTRONICALLY FILED
2024 Apr 05 AM 11:57
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: EL-2023-CR-000132
PII COMPLIANT



**Court:**       Ellis County District Court

**Case Number:**   EL-2023-CR-000132

**Case Title:**    In the Matter of the Municipal Appeal of  Juan
                Rosano

**Type:**        ORD: Order (Generic) Order Granting Motion to
                Suppress

SO ORDERED,

_____
/s/ Honorable Glenn Braun, Chief
District Court Judge

Electronically signed on 2024-04-05 11:57:04        page 1 of 3

## IN THE DISTRICT COURT OF
## ELLIS COUNTY, KANSAS

STATE OF KANSAS,         )
                         )
        Plaintiff,       )
                         )
VS.                   )     No. EL-23-CR-132
                         )
JUAN ROSANO,        )
                         )
        Defendant,    )
_____)

## ORDER GRANTING MOTION TO SUPPRESS

Comes now on this 2nd day of April 2024, defendant's Motion to Suppress. The State appears by its assistant Ellis County Attorney Aaron J. Cunningham. The defendant appears in person and by his counsel, Michael S. Holland II. Presiding is the Honorable Glenn R. Braun. There are no other appearances.

Thereupon, the state presents evidence through the testimony of Officer Clayton and Officer Leach of the Hays Police Department.

Thereupon, after argument of counsel, the Court finds that the evidence presented during the Motion to Suppress hearing was insufficient to meet the state's burden of establishing probable cause. Therefore, the Court grants defendant's Motion to Suppress, finding a lack of probable cause to arrest and suppresses all evidence seized or obtained subsequent to defendant arrest.

IT IS SO ORDERED.

SUBMITTED & APPROVED:


HOLLAND AND HOLLAND

/s/Michael S. Holland II
Michael S. Holland II #18800
Attorney at Law
P. O. Box 206
810 Main
Russell, Kansas  67665-0206
Phone 785-483-5332
FAX 785-483-3847
michaelholland@hollandandhollandattorney.com
Attorney for Defendant


APPROVED:

ELLIS COUNTY ATTORNEY

/s/Aaron Cunningham_____
Aaron Cunningham #28250
Assistant Ellis County Attorney
107 W. 12th Street
Hays, Kansas 67601
FAX 785-628-9409
Attorney for Plaintiff




MSHII/ah/MTS/Rosano

# Exhibit "18"

ELECTRONICALLY FILED
2024 Nov 20 PM 3:18
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: EL-2023-CR-000132
PII COMPLIANT



**Court:**        Ellis County District Court

**Case Number:**  EL-2023-CR-000132

**Case Title:**   In the Matter of the Municipal Appeal of  Juan
                  Rosano

**Type:**         ORD: Order (Generic) Order Denying the State's
                  Motion for Reconsideration

SO ORDERED,

_____

/s/ Honorable Glenn Braun, Chief
District Court Judge

Electronically signed on 2024-11-20 15:18:28          page 1 of 3

**IN THE DISTRICT COURT OF**
**ELLIS COUNTY, KANSAS**

| | | |
|---|---|---|
| STATE OF KANSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. EL-23-CR-132 |
| | ) | |
| JUAN ROSANO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING THE STATE'S MOTION FOR RECONSIDERATION**

Comes now on this 12th day of November 2024, the above captioned matter for review at defendant's request. The State appears by Aaron J. Cunningham. The defendant appears by his attorney, Michael S. Holland II. Presiding is The Honorable Glenn R. Braun.  There are no other appearances.

Thereupon, after argument from counsel and review of the briefs, the court denies the State's Motion for Reconsideration.


IT IS SO ORDERED.

SUBMITTED & APPROVED:

HOLLAND AND HOLLAND

/s/Michael S. Holland II
Michael S. Holland II #18800
Attorney at Law
P. O. Box 206
810 Main
Russell, Kansas  67665-0206
Phone 785-483-5332
FAX 785-483-3847
michaelholland@hollandandhollandattorney.com
Attorney for Defendant


APPROVED:

ELLIS COUNTY ATTORNEY

/s/ Aaron Cunningham
Aaron Cunningham #28250
Assistant Ellis County Attorney
107 W. 12th Street
Hays, Kansas 67601
FAX 785-628-9409
Attorney for Plaintiff


MSH/ah/OdrDeny\Rosano

2